ANTHONY DYOUS *v.* PSYCHIATRIC SECURITY
REVIEW BOARD
(SC 16925)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued April 24—officially released July 22, 2003

*Suzanne L. McAlpine,* deputy assistant public defender, with whom was *Monte P. Radler,* public defender, for the appellant (plaintiff).

*Maite Barainca,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellee (defendant).

*Opinion*

NORCOTT, J. The dispositive issue in this appeal is whether the trial court properly determined that it lacked subject matter jurisdiction to consider the appeal by the plaintiff, Anthony Dyous, from the decision of the defendant, the psychiatric security review board (board), transferring him to a maximum security mental health facility. The plaintiff appeals[1] from the judgment of the trial court dismissing his appeal. The plaintiff claims that the trial court improperly concluded that, pursuant to General Statutes §§ 4-186 (f)[2]

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] General Statutes § 4-186 (f) provides in relevant part: "The provisions of section 4-183 shall apply to the Psychiatric Security Review Board in the manner described in section 17a-597 . . . ."

and 17a-597 (a),[3] the board's order transferring him to a maximum security hospital was not appealable. The plaintiff also claims that, pursuant to General Statutes § 4-183 (a),[4] an order transferring an acquittee[5] to a maximum security facility is a final decision in a contested case and, therefore, is appealable to the Superior Court. We disagree and we affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history relevant to the issues in this appeal. On November 9, 1984, the plaintiff was acquitted by reason of mental disease or defect of the charges of two counts of kidnapping in the first degree in violation of General Statutes § 53a-92,[6] two counts of threatening in the second degree in violation of General

[3] General Statutes § 17a-597 (a) provides in relevant part: "Any order of the board entered pursuant to subdivision (2) or (3) of section 17a-584 or pursuant to section 17a-587 may be appealed to the Superior Court pursuant to section 4-183. . . ."

See footnote 11 of this opinion for the relevant text of General Statutes § 17a-584.

[4] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

[5] General Statutes § 17a-580 (1) provides: " 'Acquittee' means any person found not guilty by reason of mental disease or defect pursuant to section 53a-13 . . . ."

[6] General Statutes § 53a-92 (a) provides: "A person is guilty of kidnapping in the first degree when he abducts another person and: (1) His intent is to compel a third person (A) to pay or deliver money or property as ransom or (B) to engage in other particular conduct or to refrain from engaging in particular conduct; or (2) he restrains the person abducted with intent to (A) inflict physical injury upon him or violate or abuse him sexually; or (B) accomplish or advance the commission of a felony; or (C) terrorize him or a third person; or (D) interfere with the performance of a government function."

Although § 53a-92 has been amended since 1984, the date of the plaintiff's acquittal, the amendments are not relevant to this appeal. References here are to the current revision of the statute.

Statutes § 53a-62,[7] and one count of carrying a dangerous weapon in violation of General Statutes § 53-206.[8] Thereafter, on March 22, 1985, pursuant to General Statutes § 17a-582,[9] the plaintiff was placed under the jurisdiction of the board for a period not to exceed twenty-

[7] General Statutes § 53a-62 (a) provides: "A person is guilty of threatening in the second degree when: (1) By physical threat, such person intentionally places or attempts to place another person in fear of imminent serious physical injury, (2) such person threatens to commit any crime of violence with the intent to terrorize another person, or (3) such person threatens to commit such crime of violence in reckless disregard of the risk of causing such terror."

Although § 53a-62 has been amended since 1984, the date of the plaintiff's acquittal, the amendments are not relevant to this appeal. References here are to the current revision of the statute.

[8] General Statutes § 53-206 (a) provides: "Any person who carries upon one's person any BB. gun, blackjack, metal or brass knuckles, or any dirk knife, or any switch knife, or any knife having an automatic spring release device by which a blade is released from the handle, having a blade of over one and one-half inches in length, or stiletto, or any knife the edged portion of the blade of which is four inches or over in length, any police baton or nightstick, or any martial arts weapon or electronic defense weapon, as defined in section 53a-3, or any other dangerous or deadly weapon or instrument, shall be fined not more than five hundred dollars or imprisoned not more than three years or both. Whenever any person is found guilty of a violation of this section, any weapon or other instrument within the provisions of this section, found upon the body of such person, shall be forfeited to the municipality wherein such person was apprehended, notwithstanding any failure of the judgment of conviction to expressly impose such forfeiture."

Although § 53-206 has been amended since 1984, the date of the plaintiff's acquittal, the amendments are not relevant to this appeal. References here are to the current revision of the statute.

[9] General Statutes § 17a-582 provides: "(a) When any person charged with an offense is found not guilty by reason of mental disease or defect pursuant to section 53a-13, the court shall order such acquittee committed to the custody of the Commissioner of Mental Health and Addiction Services who shall cause such acquittee to be confined, pending an order of the court pursuant to subsection (e) of this section, in any of the state hospitals for psychiatric disabilities or to the custody of the Commissioner of Mental Retardation, for an examination to determine his mental condition.

"(b) Within forty-five days of the order of commitment pursuant to subsection (a) of this section, the superintendent of such hospital or the Commissioner of Mental Retardation shall cause the acquittee to be examined and file a report of the examination with the court, and shall send a copy

five years. In March, 2000, the board transferred the

thereof to the state's attorney and counsel for the acquittee, setting forth the superintendent's or said commissioner's findings and conclusions as to whether the acquittee is a person who should be discharged.

"(c) Within ten days of receipt of such superintendent's or said commissioner's report, either the state's attorney or counsel for the acquittee may file notice of intent to perform a separate examination of the acquittee. An examination conducted on behalf of the acquittee may be performed by a psychiatrist or psychologist chosen by the acquittee and shall be performed at the acquittee's expense unless he is indigent. If the acquittee is indigent, the court shall provide him with the services of a psychiatrist or psychologist to perform the examination at the expense of the state. The superintendent or said commissioner who conducted the initial examination shall, within five days of a request of any party conducting a separate examination pursuant to this subsection, release to such party all records and reports compiled in the initial examination of the acquittee. Any separate examination report shall be filed with the court within thirty days of the filing with the court of the initial examination report by the superintendent or said commissioner.

"(d) The court shall commence a hearing within fifteen days of its receipt of any separate examination report or if no notice of intent to perform a separate examination has been filed under subsection (c) of this section, within twenty-five days of the filing of such initial examination report.

"(e) At the hearing, the court shall make a finding as to the mental condition of the acquittee and, considering that its primary concern is the protection of society, make one of the following orders:

"(1) If the court finds that the acquittee is a person who should be confined or conditionally released, the court shall order the acquittee committed to the jurisdiction of the board and either confined in a hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation, for custody, care and treatment pending a hearing before the board pursuant to section 17a-583; provided (A) the court shall fix a maximum term of commitment, not to exceed the maximum sentence that could have been imposed if the acquittee had been convicted of the offense, and (B) if there is reason to believe that the acquittee is a person who should be conditionally released, the court shall include in the order a recommendation to the board that the acquittee be considered for conditional release pursuant to subdivision (2) of section 17a-584; or

"(2) If the court finds that the acquittee is a person who should be discharged, the court shall order the acquittee discharged from custody.

"(f) At the hearing before the court, the acquittee shall have the burden of proving by a preponderance of the evidence that he is a person who should be discharged.

"(g) An order of the court pursuant to subsection (e) of this section may be appealed by the acquittee or the state's attorney to the Appellate Court. The court shall so notify the acquittee.

plaintiff from Whiting Forensic Institute (Whiting), a maximum security mental health facility, to the less restrictive setting of Dutcher Service at Connecticut Valley Hospital (Dutcher). On November 16, 2001, pursuant to General Statutes § 17a-585,[10] which requires the board to review the status of acquittees; see footnote 5 of this opinion; at least once every two years, the board conducted a hearing to review the plaintiff's status. Section 17a-585 also requires the board, at the status hearing, to "make a finding and act pursuant to [General Statutes §] 17a-584,"[11] which requires the board: (1) to discharge the acquittee from the custody of the board; (2) to conditionally release the acquittee; or (3) to continue the acquittee's confinement.

"(h) During any term of commitment to the board, the acquittee shall remain under the jurisdiction of the board until discharged by the court pursuant to section 17a-593. Except as provided in subsection (c) of said section, the acquittee shall be immediately discharged at the expiration of the maximum term of commitment.

"(i) On committing an acquittee to the jurisdiction of the board, the court shall advise the acquittee of the right to a hearing before the board in accordance with section 17a-583."

[10] General Statutes § 17a-585 provides: "The board shall conduct a hearing and review the status of the acquittee not less than once every two years. At such hearing the board shall make a finding and act pursuant to section 17a-584."

[11] General Statutes § 17a-584 provides: "At any hearing before the board considering the discharge, conditional release or confinement of the acquittee, except a hearing pursuant to section 17a-592 or subsection (d) of section 17a-593, the board shall make a finding as to the mental condition of the acquittee and, considering that its primary concern is the protection of society, shall do one of the following:

"(1) If the board finds that the acquittee is a person who should be discharged, it shall recommend such discharge to the court pursuant to section 17a-593.

"(2) If the board finds that the acquittee is a person who should be conditionally released, the board shall order the acquittee conditionally released subject to such conditions as are necessary to prevent the acquittee from constituting a danger to himself or others.

"(3) If the board finds that the acquittee is a person who should be confined, the board shall order the person confined in a hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation for custody, care and treatment."

The board issued a memorandum of decision, determining that the plaintiff was mentally ill and required continued confinement. The board further determined that the plaintiff "potentially [is] so violent and non-compliant with treatment that he currently poses a risk to the staff and patients of [Dutcher] and requires immediate transfer to maximum security." Thereafter, the board denied the plaintiff's application for reconsideration of its decision. On January 8, 2002, the plaintiff filed an administrative appeal in the Superior Court appealing from the decision of the board transferring him to a maximum security facility. The board then moved to dismiss the appeal, claiming that the court lacked subject matter jurisdiction because § 17a-597 did not allow an appeal from its transfer decision. The trial court granted the board's motion to dismiss concluding that the board's decision regarding the *level* of confinement was not encompassed within the meaning of "confinement" as that term is defined in the statutes and, therefore, was not appealable. Accordingly, the trial court dismissed the appeal and rendered judgment in favor of the board. This appeal followed.

The plaintiff first claims that the trial court improperly concluded that § 17a-597 does not allow him to appeal from the board's decision transferring him to a maximum security facility. Specifically, the plaintiff contends that General Statutes § 17a-599,[12] the provision requiring the board to make a further determination as to whether to place an acquittee in a maximum

---

[12] General Statutes § 17a-599 provides: "At any time the court or the board determines that the acquittee is a person who should be confined, it shall make a further determination of whether the acquittee is so violent as to require confinement under conditions of maximum security. Any acquittee found so violent as to require confinement under conditions of maximum security shall not be confined in any hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation unless such hospital or said commissioner has the trained and equipped staff, facilities or security to accommodate such acquittee."

security facility, cannot be viewed in isolation from its context within the entire statutory scheme. Rather, the plaintiff argues, once the board determines, pursuant to § 17a-584 (3) that a person is mentally ill and should be confined, § 17a-599 requires the board to make a "further determination" as to whether the acquittee should be placed in a maximum security facility. The plaintiff claims that this "further determination" made pursuant to § 17a-599 is also an appealable order as an extension of the confinement decision made pursuant to § 17a-584 (3). Accordingly, the plaintiff claims, the placement of an acquittee in a maximum security facility is an appealable decision pursuant to § 17a-597. The board claims in response that, pursuant to the plain language of § 17a-597, a decision of the board transferring an acquittee to a maximum security facility, made pursuant to § 17a-599, is not appealable.

"As a preliminary matter, we set forth the applicable standard of review. The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Brookridge District Assn.* v. *Planning & Zoning Commission*, 259 Conn. 607, 610–11, 793 A.2d 215 (2002). Accordingly, "[b]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) Id., 611.

Moreover, "[t]here is no absolute right of appeal to the courts from a decision of an administrative agency. . . . The [Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq.] grants the

Superior Court jurisdiction over appeals of agency appeals only in certain limited and well delineated circumstances." (Citation omitted; internal quotation marks omitted.) *Lewis* v. *Gaming Policy Board*, 224 Conn. 693, 699–700, 620 A.2d 780 (1993); see also *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996) ("[i]t is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation" [internal quotation marks omitted]).

We begin our analysis of the plaintiff's claim by examining the language of the statutory scheme at issue. Judicial review of an administrative decision generally is governed by § 4-183 (a) of the UAPA, which provides that "[a] person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision may appeal to the Superior Court . . . ." Section 4-186, however, carves out exemptions to § 4-183 (a). Specifically, § 4-186 (f) provides that "[t]he provisions of section 4-183 shall apply to the [board] in the manner described in section 17a-597 . . . ." Accordingly, appeals from the decisions of the board are governed by § 17a-597 (a), which provides that "[a]ny order of the board entered pursuant to subdivision (2) or (3) of section 17a-584 . . . may be appealed to the Superior Court pursuant to section 4-183." Section 17a-584 requires the board, at any hearing considering the discharge, conditional release, or confinement of an acquittee, to make a finding as to the mental condition of the acquittee and: (1) to recommend that the acquittee be discharged; (2) to order the acquittee conditionally released; or (3) to order the person confined in a hospital for persons with psychiatric disabilities. See footnote 11 of this opinion. Finally, § 17a-599 provides that "[a]t any time the court or the board deter-

mines that the acquittee is a person who should be confined, it shall make a further determination of whether the acquittee is so violent as to require confinement under conditions of maximum security."

With this statutory scheme in mind, we conclude that there is no administrative appeal from the decision of the board transferring the plaintiff to a maximum security facility. First, we note that the language of § 17a-597 (a), the provision delineating the right to appeal a decision of the board to the Superior Court, is clear and unequivocal. Section 17a-597 (a) limits the right to appeal to "[a]ny order of the board *entered pursuant to subdivision (2) or (3) of section 17a-584* or pursuant to section 17a-587 . . . ." (Emphasis added.) Both parties agree, however, that the decision of the board in the present case, transferring the plaintiff to Whiting, was made pursuant to § 17a-599, which is not enumerated as an appealable decision in § 17a-597. Second, "[w]e have stated that [u]nless there is evidence to the contrary, statutory itemization indicates that the legislature intended [a] list to be exclusive." (Internal quotation marks omitted.) *Spears* v. *Garcia*, 263 Conn. 22, 33–34, 818 A.2d 37 (2003); see also *Westport Taxi Service, Inc.* v. *Westport Transit District*, 235 Conn. 1, 40, 664 A.2d 719 (1995) (list of available remedies for antitrust violations exclusive). As there is no evidence to the contrary, either in the language of the statute or in the relevant legislative history,[13] we conclude that

[13] The plaintiff relies on certain testimony given before the judiciary committee as support for his claim that the board decision in the present case is appealable. Specifically, the plaintiff relies on the remarks of Howard Zonana, a physician, and, at that time, an associate professor in the department of psychiatry at Yale University, who stated: "[T]he only other problem with the [b]oard . . . is that this [b]oard leaves open always the question of appeals back to the Superior Court. . . . I think the concern . . . here is would the [b]oard let people lo[o]se too soon and can we go back to the judge to review that. That's all well and good except if the State's Attorney can go back to the judge and any time a [b]oard makes a decision, it's also possible for the [d]efendant . . . to go back to the [c]ourt and if all this turns out to be is running back to the [c]ourt every time you get an adverse

those board decisions set forth in § 17a-597 as appealable to the Superior Court are intended to be exclusive. Accordingly, the board's decision in the present case was not appealable.

The plaintiff claims, however, that we should not read § 17a-599 in isolation from other parts of the statutory scheme, but rather, as an extension of § 17a-584 (3). Specifically, the plaintiff claims that once the board determines, pursuant to § 17a-584 (3), that a person is mentally ill and should be confined, § 17a-599 requires the board to make a "further determination" as to whether the acquittee should be placed in a maximum security facility. The plaintiff claims that, because these two sections are interconnected, and the legislature is presumed to have created a harmonious body of law, the further determination that an acquittee should be placed in a maximum security facility also is appealable as an extension of the confinement decision made pursuant to § 17a-584 (3).

Although it is correct that the legislature is presumed to have created a harmonious and consistent body of law, this tenet of statutory construction requires us to read statutes together only "when they *relate to the same subject matter.*" (Emphasis added; internal quotation marks omitted.) *Simms* v. *Warden*, 229 Conn. 178, 187–88, 640 A.2d 601 (1994). In the present case, § 17a-599 requires the board to make a further determination of where to place the acquittee when the board has

decision one way or the other, I think you undermine the function of the [b]oard." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 5, 1985 Sess., p. 1514. Although it is unclear from his testimony, Zonana likely was referring to the appeal provisions of what is now codified as § 17a-597, giving the acquittee a right to appeal decisions of the board conditionally releasing an acquittee or confining the acquittee, as well as decisions regarding temporary leave of the acquittee. Because, as discussed earlier in this opinion, § 17a-597 does not include the board's decision transferring the acquittee to a maximum security facility, reliance on Zonana's testimony is inapposite.

determined that the acquittee requires confinement. As the trial court noted, however, the *level* of confinement, namely, maximum security, is not the same subject matter as the determination of whether the acquittee requires confinement because he is mentally ill. In our view, it was logical for the legislature to provide for a right to appeal from a confinement decision but not from the decision as to the appropriate placement of the acquittee. Thus, the placement of the acquittee, in a maximum security mental health facility or in a facility like Dutcher, requires knowledgeable decisions based upon, inter alia, the appropriateness and type of treatment the acquittee requires and the potential for risk of harm to the staff and other acquittees. These decisions are best left to the professional discretion of the board, whose mandate is the protection of the general public. See 28 S. Proc., Pt. 15, 1985 Sess., pp. 4912–13, remarks of Senator Richard Johnston ("[t]he major provisions of this act, are that the [board] would assume full jurisdiction of the acquittee, and make . . . *full decisions* regarding confinement, conditional release, and recommendations to the Superior Court for discharge" [emphasis added]).

Moreover, the plaintiff's claim that the order is appealable is predicated on his contention that the board's decision regarding whether the acquittee should be confined to a maximum security facility must occur at the same time as when it conducts the status hearing. Section 17a-599, however, is silent as to when that particular decision must be made. Indeed, § 17a-599, to the contrary, provides that *at any time after* a person has been determined to require confinement, the court or the board shall make a "further determination" as to whether the acquittee should be placed in a maximum security mental health facility. Additionally, the board's regulations provide that the board may transfer involuntarily an acquittee from a nonmaximum security facility

to a maximum security facility, even in the absence of an order of the court or the board, when "the continued presence of the acquittee in a nonmaximum security setting poses an immediate threat to the safety or well-being of any person." Regs., Conn. State Agencies § 17a-581-56 (a). Thus, the decision placing the plaintiff in a maximum security facility could have occurred at any time after the board determined that he required confinement. The fact that the decision in the present case occurred as a result of the status hearing, therefore, is irrelevant. Thus, the decision made by the board in the present case transferring the plaintiff to a maximum security facility was not one of the orders of the board set forth in § 17a-597 as appealable to the Superior Court. Accordingly, the trial court properly dismissed the appeal for lack of subject matter jurisdiction.[14]

The judgment is affirmed.

In this opinion the other justices concurred.

---

[14] The plaintiff also claims that the trial court improperly concluded that it lacked subject matter jurisdiction to consider his appeal because the board's order, transferring him to a maximum security facility, was not a final decision in a contested case, pursuant to the requirements of § 4-183 (a). The plaintiff, however, is not entitled to review under § 4-183 (a) because, as we previously noted, § 4-186 (f) confines judicial review of board decisions to those decisions described in § 17a-597. Having concluded that § 17a-597 does not grant the trial court jurisdiction to hear an appeal of the board's decision in the present case, we need not reach the issue of whether the order transferring the plaintiff to a maximum security facility was a final decision in a contested case.