## GUY LEVINE *v.* PSYCHIATRIC SECURITY REVIEW BOARD
### (AC 27475)

Schaller, Gruendel and Harper, Js.

Argued January 8—officially released March 27, 2007

*Richard E. Condon, Jr.*, assistant public defender, for the appellant (plaintiff).

*Patrick B. Kwanashie,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Guy Levine, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant, the psychiatric security review board. On appeal, the plaintiff claims that the court improperly determined that it lacked subject matter jurisdiction to consider his claim that § 17a-581-44 of the Regulations of Connecticut State Agencies[1] is invalid because it conflicts with General Statutes § 17a-599.[2] We affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history relevant to the issues in the plaintiff's appeal. On March 6, 1992, the plaintiff was committed to the custody of the defendant for a period of time not to exceed 100 years after he was acquitted by reason of mental disease or defect of two counts of murder in violation of General Statutes § 53a-54a. The plaintiff was confined at the Whiting Forensic Division of Connecticut Valley Hospital (Whiting), a maximum security mental health facility.

---

[1] Section 17a-581-44 of the Regulations of Connecticut State Agencies provides: "The Board may order a person confined in a maximum security setting if the Board finds that the acquittee poses a danger to self or others such that a maximum security setting is required."

[2] General Statutes § 17a-599 provides: "At any time the court or the board determines that the acquittee is a person who should be confined, it shall make a further determination of whether the acquittee is so violent as to require confinement under conditions of maximum security. Any acquittee found so violent as to require confinement under conditions of maximum security shall not be confined in any hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation unless such hospital or said commissioner has the trained and equipped staff, facilities or security to accommodate such acquittee."

On July 18, 2004, the plaintiff petitioned the defendant for a declaratory ruling pursuant to General Statutes § 4-176 and § 17a-581-58 of the Regulations of Connecticut State Agencies. Specifically, the plaintiff sought a ruling on whether he met the statutory standard for confinement in a maximum security setting and whether § 17a-581-44 was invalid in light of the specific violence requirement of § 17a-599. On October 1, 2004, the defendant held a hearing on the petition. On November 29, 2004, the defendant issued its declaratory ruling and found that the plaintiff, because he was so violent or so dangerous, could safely be treated only in the maximum security setting at Whiting.[3]

The defendant concluded that the plaintiff could not prevail with respect to his claim that § 17a-581-44 was invalid because it conflicted with § 17a-599. The defendant determined that "nothing in the statute suggests that its intent is to mandate actual violence as a prerequisite for placing acquittees in maximum security settings. Rather, the statute evinces a concern that acquittees be placed in settings appropriate to the type of danger that they pose to themselves and others. Thus, far from being in conflict with the statute . . . § 17a-581-44 complements it."

The plaintiff appealed from the defendant's decision to the Superior Court, challenging the board's decision. The defendant responded that there was no statutory right to appeal from this decision, and, therefore, the court lacked subject matter jurisdiction. The defendant principally relied on *Dyous* v. *Psychiatric Security*

---

[3] Specifically, the defendant stated: "[The plaintiff] remains an individual with serious impairment in both reasoning and judgment and continues to experience intermittent homicidal fantasies. He has failed to comply with recommended treatment, manipulated patients for personal satisfaction and failed to develop adequate insight into his actions. His narcissism persists and remains a risk factor for recidivism, as narcissism was a contributing factor to his crime."

*Review Board*, 264 Conn. 766, 826 A.2d 138 (2003). The plaintiff countered that *Dyous* was factually and procedurally distinguishable. The court agreed with the defendant and concluded that it lacked subject matter jurisdiction because the decision being appealed from was not within the exclusive list of appealable orders set forth in General Statutes § 17a-597. Accordingly, it dismissed the appeal.

On appeal to this court, the plaintiff claims that the trial court improperly dismissed his appeal from the declaratory ruling of the defendant that § 17a-581-44 does not impermissibly conflict with § 17a-599. We fully addressed the identical arguments raised by the plaintiff in *Sastrom* v. *Psychiatric Security Review Board*, 100 Conn. App. 212, 918 A.2d 902 (2007), which we also have released today. For the reasons set forth in *Sastrom*, we conclude that the trial court properly dismissed the plaintiff's appeal for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.