### ROY SASTROM v. PSYCHIATRIC SECURITY REVIEW BOARD
### (AC 27329)

Schaller, Gruendel and Harper, Js.

Argued January 8—officially released March 27, 2007

*Richard E. Condon, Jr.*, assistant public defender, for the appellant (plaintiff).

*Patrick B. Kwanashie*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Richard J. Lynch*, assistant attorney general, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Roy Sastrom, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant, the psychiatric security review board. On appeal, the plaintiff claims that the court improperly determined that it lacked subject matter jurisdiction to consider his claim that § 17a-581-44 of the Regulations of Connecticut State

Agencies[1] is invalid because it conflicts with General Statutes § 17a-599.[2] We affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history relevant to the issues in the plaintiff's appeal. On July 11, 1994, the plaintiff was committed to the jurisdiction of the defendant for a period of time not to exceed forty years after he was acquitted by reason of mental disease or defect of the charges of two counts of harassment in the first degree in violation of General Statutes § 53a-182b (a), four counts of threatening in violation of General Statutes § 53a-62 (a) (2), and two counts of attempt to commit larceny in the fifth degree in violation of General Statutes §§ 53a-49 and 53a-125a. The plaintiff initially was confined at the Whiting Forensic Division of Connecticut Valley Hospital (Whiting), a maximum security mental health facility, but subsequently was transferred to the less restrictive setting of the Dutcher Enhanced Security Service of Connecticut Valley Hospital (Dutcher). While at Dutcher, he was moved from South 2, the enhanced treatment unit, to North 3, a community transition unit.

On June 21, 2002, the treatment team granted the plaintiff's request for "Level 4" privileges, which

[1] Section 17a-581-44 of the Regulations of Connecticut State Agencies provides: "The Board may order a person confined in a maximum security setting if the Board finds that the acquittee poses a danger to self or others such that a maximum security setting is required."

[2] General Statutes § 17a-599 provides: "At any time the court or the board determines that the acquittee is a person who should be confined, it shall make a further determination of whether the acquittee is so violent as to require confinement under conditions of maximum security. Any acquittee found so violent as to require confinement under conditions of maximum security shall not be confined in any hospital for psychiatric disabilities or placed with the Commissioner of Mental Retardation unless such hospital or said commissioner has the trained and equipped staff, facilities or security to accommodate such acquittee."

included one hour per day on the grounds without supervision. On July 4, 2002, the plaintiff signed himself out at 9 a.m., and was declared absent without leave when he was not present one hour later. The plaintiff had wandered to a nearby wooded area near the hospital and fallen asleep. The next morning, as he was walking back to Dutcher, several staff members reported seeing him on a road. When a state police trooper arrived, the plaintiff hid in some bushes. After several hours, the troopers, with the aid of a police dog, located the plaintiff and returned him to the custody of the defendant.

Following his apprehension, the plaintiff was returned to Whiting. The defendant held a hearing on July 12 and September 20, 2002, regarding the proper placement of the plaintiff. In a memorandum of decision dated October 28, 2002, the defendant ordered that the plaintiff remain confined at Whiting for the purposes of care, custody and treatment under maximum security conditions.

In a petition for a declaratory judgment dated March 30, 2004, the plaintiff sought a determination of whether his confinement in maximum security was appropriate and whether § 17a-581-44 was invalid in light of the specific violence requirement of § 17a-599. After a hearing, the defendant issued a decision on September 30, 2004. The defendant noted the plaintiff's clinical progress and found that, on the basis of the hospital treatment team's recommendation, he could be treated in the less restrictive conditions at Dutcher.[3]

[3] Specifically, the defendant stated. "[The plaintiff] remains an individual who needs confinement because of a psychiatric disability to the extent that his discharge or conditional release would constitute a danger to himself or others. However, as a result of sustained clinical gains, engagement in treatment and insight into his escape from the Dutcher Service in July, 2002, he is no longer so dangerous that he requires confinement in a maximum security hospital setting. Accordingly, the answer to the first question in his petition for a declaratory ruling is no. He is neither so violent nor so dangerous at this time as to require maximum security confinement and may be transferred to the less restrictive treatment environment of Dutcher."

The defendant concluded that the plaintiff could not prevail with respect to his claim that § 17a-581-44 was invalid because it conflicted with § 17a-599. The defendant determined that "nothing in the statute suggests that its intent is to mandate actual violence as a prerequisite for placing acquittees in maximum security settings. Rather, the statute evinces a concern that acquittees be placed in settings appropriate to the type of danger that they pose to themselves and others. Thus, far from being in conflict with the statute . . . § 17a-581-44 complements it."

The plaintiff appealed to the Superior Court, challenging the defendant's decision. The defendant responded that there was no statutory right to appeal from its decision, and, therefore, the court lacked subject matter jurisdiction. The defendant principally relied on *Dyous* v. *Psychiatric Security Review Board*, 264 Conn. 766, 826 A.2d 138 (2003). The plaintiff countered that *Dyous* was factually and procedurally distinguishable. The court agreed with the defendant and concluded that it was without subject matter jurisdiction because the decision being appealed was not within the exclusive list of appealable orders set forth in General Statutes § 17a-597. Accordingly, it dismissed the appeal.

On appeal to this court, the plaintiff claims that the trial court improperly dismissed his appeal from the declaratory ruling of the defendant that § 17a-581-44 does not impermissibly conflict with § 17a-599. We begin by setting forth our standard of review. "[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . [T]he question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, *or by the court, sua sponte,* at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action

before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Commissioner of Transportation* v. *Larobina*, 92 Conn. App. 15, 28–29, 882 A.2d 1265, cert. denied, 276 Conn. 931, 889 A.2d 816 (2005); see also *Nine State Street, LLC* v. *Planning & Zoning Commission*, 270 Conn. 42, 45, 850 A.2d 1032 (2004).

Our Supreme Court has "declared that [t]here is no absolute right of appeal to the courts from a decision of an administrative agency. . . . Appeals to the courts from administrative [agencies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created . . . and can be acquired and exercised only in the manner prescribed. . . . *In the absence of statutory authority, therefore, there is no right of appeal from [an agency's] decision* . . . ." (Emphasis added; internal quotation marks omitted.) *Fullerton* v. *Administrator, Unemployment Compensation Act*, 280 Conn. 745, 760, 911 A.2d 736 (2006); *Chatterjee* v. *Commissioner of Revenue Services*, 277 Conn. 681, 688, 894 A.2d 919 (2006). A review of the statutory framework at issue, therefore, will facilitate our discussion.

"Judicial review of an administrative decision generally is governed by [General Statutes] § 4-183 (a) of the [Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq.], which provides that [a] person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision may appeal to the Superior Court . . . . [General Statutes §] 4-186, however, carves out exemptions to § 4-183 (a). Specifically, § 4-186 (f) provides that [t]he provisions of section 4-183 shall apply to the [defendant] in the manner described in [General Statutes §] 17a-597 . . . . *Accordingly, appeals from the decisions of the [defendant] are governed by § 17a-597 (a)*, which provides

that [a]ny order of the board entered pursuant to subdivision (2) or (3) of [General Statutes §] 17a-584 [or pursuant to General Statutes § 17a-587] . . . may be appealed to the Superior Court pursuant to section 4-183. Section 17a-584 requires the board, at any hearing considering the discharge, conditional release, or confinement of an acquittee, to make a finding as to the mental condition of the acquittee and: (1) to recommend that the acquittee be discharged; (2) to order the acquittee conditionally released; or (3) to order the person confined in a hospital for persons with psychiatric disabilities. . . . Finally, § 17a-599 provides that [a]t any time the court or the board determines that the acquittee is a person who should be confined, it shall make a further determination of whether the acquittee is so violent as to require confinement under conditions of maximum security." (Emphasis added; internal quotation marks omitted.) *Dyous* v. *Psychiatric Security Review Board*, supra, 264 Conn. 774–75.

In *Dyous*, which involved an order pursuant to § 17a-599, our Supreme Court concluded that "there is no administrative appeal from the decision of the [defendant] transferring [an acquittee] to a maximum security facility." Id., 775. The court reasoned that the language of § 17a-597 (a) clearly and unequivocally limited the right to appeal to orders entered pursuant to subdivision (2) or (3) of § 17a-584 or pursuant to § 17a-587. Id. An order made pursuant to § 17a-599 is not enumerated as an appealable order. Id. The court further stated that "it was logical for the legislature to provide for a right to appeal from a confinement decision but not from the decision as to the appropriate placement of the acquittee. Thus, the placement of the acquittee, in a maximum security mental health facility or in a facility like Dutcher, requires knowledgeable decisions based upon, inter alia, the appropriateness and type of treatment the acquittee requires and the potential for risk

of harm to the staff and other acquittees. These decisions are best left to the professional discretion of the board, whose mandate is the protection of the general public." Id., 777.

It is axiomatic that we are bound by the *Dyous* decision.[4] The plaintiff, therefore, presents several reasons why the present case is distinguishable and therefore not controlled by *Dyous*. He first argues that unlike the situation in *Dyous*, which involved a factual question, the issue of whether § 17a-581-44 conflicts with § 17a-599 presents a pure question of law. He further contends that the General Assembly "did not intend to give the [defendant] the exclusive authority to interpret statutes and regulations, determine the validity of a regulation and establish the legal standard justifying maximum security commitment."

The plaintiff's arguments, when considered with the well established principle that judicial review of administrative decisions is limited strictly to statutory authority, are unavailing. Section 17a-597 unambiguously provides that appeals to the Superior Court from decisions of the defendant are limited to orders entered pursuant to subdivisions (2) and (3) of §§ 17a-584 and 17a-587, none of which applies to the present case. "A cardinal rule of statutory construction is that where the words of a statute [or rule] are plain and unambiguous the intent of the [drafters] in enacting the statute [or rule] is to be derived from the words used. . . . We are constrained to read a statute as written . . . and we may not read into clearly expressed legislation provisions which do not find expression in its words . . . ."

[4] "As an intermediate appellate court, we are bound by Supreme Court precedent and are unable to modify it . . . ." (Citation omitted.) *Hopkins* v. *Commissioner of Correction*, 95 Conn. App. 670, 672, 899 A.2d 632, cert. denied, 279 Conn. 911, 902 A.2d 1071 (2006); see also *State* v. *Alexander*, 95 Conn. App. 154, 159 n.3, 895 A.2d 865, cert. denied, 280 Conn. 909, 908 A.2d 539 (2006).

(Citation omitted; internal quotation marks omitted.) *Bank of New York* v. *National Funding*, 97 Conn. App. 133, 140–41, 902 A.2d 1073, cert. denied, 280 Conn. 925, 908 A.2d 1087 (2006), cert. denied sub nom. *Reyad* v. *Bank of New York*, 549 U.S. 1265, 127 S. Ct. 1493, 167 L. Ed. 2d 229 (2007). In the present case, the applicable statutes clearly indicate that appeals from decisions issued by the defendant are limited to those enumerated in § 17a-597. The plaintiff's appeal does not fall within those set forth in § 17a-597 and, therefore, is not appealable under the UAPA.

The plaintiff next argues that it was improper for the defendant, and not the courts, to resolve the pure question of law of whether § 17a-581-44 conflicts with § 17a-599. Citing *Burinskas* v. *Dept. of Social Services*, 240 Conn. 141, 147, 691 A.2d 586 (1997), the plaintiff states that "[i]t is fundamental to our jurisprudence that the courts, not administrative agencies, decide pure questions of law and do so pursuant to plenary review." The plaintiff further relies on dicta from our recent decision in *State* v. *Kalman*, 88 Conn. App. 125, 142–43, 868 A.2d 766, cert. denied, 273 Conn. 938, 875 A.2d 44 (2005), for support of his interpretation of § 17a-599.

Although we acknowledge the plaintiff's general statement that courts, rather than agencies, decide questions of law, that principle does not apply to the present case. Instead, we find persuasive the defendant's argument that because the court lacked jurisdiction, it lacked the authority to consider the merits of the plaintiff's claims.

"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise

circumstances and in the manner particularly pre-
scribed by the enabling legislation." (Internal quotation
marks omitted.) *Rweyemamu* v. *Commission on
Human Rights & Opportunities*, 98 Conn. App. 646,
649–50, 911 A.2d 319 (2006); see also *Commissioner of
Transportation* v. *Rocky Mountain, LLC*, 277 Conn.
696, 723–24, 894 A.2d 259 (2006) (Superior Court's juris-
diction over administrative appeals restricted to certain
limited and well delineated circumstances).

In the present case, the plaintiff's claim did not fall
within the statutory framework authorizing an appeal
from a decision by the defendant. The court, therefore,
was unable to rule on the issues, even those that were
exclusively questions of law, presented by the plaintiff.
"[A] court lacks discretion to consider the merits of a
case over which it is without jurisdiction . . . ." (Inter-
nal quotation marks omitted.) *Fullerton* v. *Administra-
tor, Unemployment Compensation Act*, supra, 280
Conn. 754. Put another way, the question of a court's
jurisdiction is a threshold matter. See *Housing Author-
ity* v. *Martin*, 95 Conn. App. 802, 808, 898 A.2d 245,
cert. denied, 280 Conn. 904, 907 A.2d 90 (2006); *LoRicco
Towers Condominium Assn.* v. *Pantani*, 90 Conn. App.
43, 47, 876 A.2d 1211 (determination of subject matter
jurisdiction must be resolved before addressing other
issues), cert. denied, 276 Conn. 925, 888 A.2d 93 (2005).
Because the court concluded that it lacked jurisdiction
over the plaintiff's appeal, it properly declined to
address or discuss the merits of the plaintiff's claims.
"Once it becomes clear that the trial court lacked sub-
ject matter jurisdiction to hear the . . . complaint, any
further discussion of the merits is pure dicta. . . .
Lacking jurisdiction, the court should not deliver an
advisory opinion on matters entirely beyond [its] power
to adjudicate. . . . Such an opinion is not a judgment
and is not binding on anyone." (Citations omitted; inter-
nal quotation marks omitted.) *Shockley* v. *Okeke*, 92

Conn. App. 76, 85, 882 A.2d 1244 (2005), appeal dismissed, 280 Conn. 777, 912 A.2d 991 (2007).

Finally, the plaintiff argues that declaratory rulings, as opposed to commitment orders, made by the defendant are appealable pursuant to General Statutes §§ 4-176 and 4-183 and § 17a-581-58 of the Regulations of Connecticut State Agencies. The plaintiff maintains that the defendant would not have adopted this regulation if there were no right to appeal a declaratory ruling. The defendant responds that to be appealable, a declaratory ruling "must deal with one of the appealable issues under § 17a-597. Put differently, given the limitation that § 4-186 (f) imposes on the applicability of § 4-183 to the [defendant], the courts can only review the [defendant's] declaratory ruling on the applicability or validity of the [defendant's] regulation if the regulation deals with an issue that falls within one of the categories of appealable issues under § 17a-597." We agree with the defendant.

Section 4-176 (a) provides that "[a]ny person may petition an agency, or an agency may on its own motion initiate a proceeding, for a declaratory ruling as to the validity of any regulation, or the applicability to specified circumstances of a provision of the general statutes, a regulation, or a final decision on a matter within the jurisdiction of the agency." Subsection (h) provides that a declaratory ruling "shall be a final decision for purposes of appeal in accordance with the provisions of section 4-183. . . ." General Statutes § 4-176 (h). Although § 4-183 sets forth the general rule for appeals of administrative actions to the Superior Court, § 4-186 (f) limits appeals from the actions of the defendant to those listed in § 17a-597.

Section 17a-581-58 (e) (4) provides that a declaratory ruling shall be effective for purposes of appeal on the date of personal delivery or mailing while subsection

(5) states that "[d]eclaratory rulings shall have the same status and binding effect as an order in a contested case, and shall be a final decision in a contested case for the purposes of appeals in accordance with . . . Section 4-183." In our view, these regulations, taken in context with the overall statutory framework, permit a party to appeal a declaratory ruling in the same manner as a decision from the defendant, as long as the conditions set forth in § 17a-597 are satisfied. In other words, these regulations do not permit appeal for every declaratory ruling, but only for those that meet the conditions of § 4-183, as restricted by §§ 4-186 (f) and 17a-597.

Moreover, this court recently rejected an argument similar to the one offered by the plaintiff. In *Hill* v. *State Employees Retirement Commission*, 83 Conn. App. 599, 606, 851 A.2d 320, cert. denied, 271 Conn. 909, 859 A.2d 561 (2004), we stated that "the manner in which the appeal is packaged" is not determinative of the appealability of an administrative decision and concluded that such an irrational result could not have been intended by our legislature. We further explained: "[Such an] argument is premised on the implicit assumption that a petitioner for a declaratory ruling may obtain relief for any claim of any kind that he or she may choose to present to an administrative agency. That is not so. Section 4-176 (a) states the ground rules that govern declaratory rulings. . . . Subsection (h) of § 4-176 . . . describes the manner in which a declaratory ruling may be preserved for judicial review, *but, in our view, that subsection cannot reasonably be read to enlarge the scope of § 4-176 (a)*." (Citation omitted; emphasis added.) Id., 606–607. Similarly, in the present case, the scope of § 17a-597 cannot be enlarged merely because the plaintiff sought a declaratory ruling. Because the appeal does not fall within its parameters, we conclude that the plaintiff's argument that his appeal

of the defendant's declaratory ruling was permitted by the statutory and regulatory framework is unavailing.

The judgment is affirmed.

In this opinion the other judges concurred.