ROY SASTROM *v.* PSYCHIATRIC SECURITY
REVIEW BOARD
(AC 28473)

Gruendel, Lavine and Mihalakos, Js.

Argued October 16, 2007—officially released January 29, 2008

*Robert E. Byron,* for the appellant (plaintiff).

*Jacqueline S. Hoell,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellee (defendant).

*Opinion*

MIHALAKOS, J. The plaintiff, Roy Sastrom, appeals from the judgment of the trial court dismissing his action for a declaratory judgment against the defendant, the psychiatric security review board. On appeal, the plaintiff claims that the court improperly determined that it lacked subject matter jurisdiction to consider his claim that General Statutes § 17a-581 requires the defendant to have a psychiatrist and a psychologist as active, voting members.[1] We reverse the judgment of the trial court.

---

[1] General Statutes § 17a-581 provides in relevant part: "(a) There is hereby established a Psychiatric Security Review Board . . . . The board shall consist of six members . . . . (b) The membership shall be composed of: (1) A psychiatrist . . . (2) a psychologist . . . (3) a person with substantial experience in the process of probation; (4) a member of the general public; (5) an attorney . . . and (6) a member of the general public with substantial experience in victim advocacy. . . ."

The record reveals the following undisputed facts and procedural history. On July 11, 1994, the plaintiff was committed to the jurisdiction of the defendant for a period of time not to exceed forty years after he was acquitted by reason of mental disease or defect of two counts of harassment in the first degree, four counts of threatening and two counts of attempt to commit larceny in the first degree. The plaintiff was confined at Connecticut Valley Hospital, a facility of the department of mental health and addiction services. The defendant is an administrative agency within the department of mental health and addiction services and is responsible for monitoring the confinement, conditional release and discharge of acquittees. See General Statutes § 17a-581.

On August 24, 2006, the plaintiff filed a declaratory judgment action in Superior Court, seeking a ruling that, inter alia, the defendant's composition did not comply with its enabling statute because it did not include a psychiatrist and psychologist and that the defendant consequently lacked jurisdiction over him. See General Statutes § 17a-581. On September 13, 2006, the defendant filed a motion to dismiss the complaint on the ground that the court lacked subject matter jurisdiction because the plaintiff failed to exhaust his administrative remedies. The court subsequently ruled that it lacked subject matter jurisdiction on the basis of the plaintiff's failure to exhaust administrative remedies and, accordingly, granted the defendant's motion to dismiss.

On appeal, the plaintiff claims that the court improperly dismissed his complaint. The plaintiff contends that the general rule requiring exhaustion of administrative remedies before appealing to the Superior Court is inapplicable in this case because the statutory framework of the Uniform Administrative Procedure Act (act); General Statutes § 4-166 et seq.; does not afford a mechanism for adequate judicial review of challenges to the

defendant's jurisdiction. Consequently, the plaintiff maintains that he may bring a declaratory judgment action in Superior Court to determine whether the defendant has jurisdiction over him. The defendant argues that the general rule requiring exhaustion of administrative remedies requires the plaintiff to exhaust his administrative remedies by seeking a declaratory ruling from it regarding its jurisdiction. We agree with the plaintiff that the general rule requiring exhaustion of administrative remedies is inapplicable in this case because there is not a mechanism for adequate judicial review of the defendant's decision regarding its own jurisdiction. See *Bridgeport Transit District* v. *Local Union 1336*, 211 Conn. 436, 439, 559 A.2d 1113 (1989).

We begin by setting forth our standard of review. "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Dyous* v. *Psychiatric Security Review Board*, 264 Conn. 766, 773, 826 A.2d 138 (2003). "[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . [T]he question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, *or by the court, sua sponte,* at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Citations omitted; emphasis in original; internal quotation marks

omitted.) *Commissioner of Transportation* v. *Larobina*, 92 Conn. App. 15, 28–29, 882 A.2d 1265, cert. denied, 276 Conn. 931, 889 A.2d 816 (2005).

An administrative agency, generally, must determine in the first instance whether it has the authority to act in a particular circumstance before a Superior Court may review the jurisdiction of the agency. See General Statutes § 4-183.[2] "A claim that an administrative agency has acted beyond its statutory authority or jurisdiction properly may be the subject of an administrative appeal. . . . Where there is in place a mechanism for adequate judicial review, such as that contained in § 4-183, [i]t is [the] general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation. When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act—that is, to determine the coverage of the statute—and this question need not, and in fact cannot, be initially decided by a court. . . . This general rule is in accord with our frequently stated observation that when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." (Citations omitted; internal quotation marks omitted.) *Greater Bridgeport Transit District* v. *Local Union 1336*, supra, 211 Conn. 439. We note that the general rule set forth in *Greater Bridgeport Transit District* is limited by its prefatory clause to situations "[w]here there is in place a mechanism for

[2] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ." The remainder of the section proscribes the procedure to be followed in an administrative appeal.

adequate judicial review . . . ." (Internal quotation marks omitted.) Id.

When there is no mechanism in place for adequate judicial review of an agency's ruling, a plaintiff is permitted to bring a declaratory judgment action in Superior Court in the first instance to determine whether an agency has jurisdiction. See *Aaron* v. *Conservation Commission*, 178 Conn. 173, 422 A.2d 290 (1979). In *Aaron*, the plaintiff brought a declaratory judgment action challenging the jurisdiction of the conservation commission of the town of Redding and attacking the validity of certain of its regulations that required the plaintiff to obtain an inland wetlands permit to install a septic system. Id., 176. The trial court declined to entertain the action on the ground that the issue the plaintiff sought to have litigated could be more appropriately resolved by applying to the commission for an inland wetlands permit and, if unsuccessful, by appealing from such denial pursuant to General Statutes (Rev. to 1979) § 22a-43. *Aaron* v. *Conservation Commission*, supra, 177. The Supreme Court reversed, holding that "declaratory judgment proceedings are appropriate for determining jurisdictional issues or questions concerning the validity of the regulations of an administrative agency, while questions concerning the correctness of an agency's decision in a particular case or of the sufficiency of the evidence can properly be resolved only by appeal." Id., 178. The court also held that "exhaustion of administrative remedies will not be required when the remedies available are futile or inadequate," concluding that "there is some question as to whether the plaintiff's claims could properly be litigated by way of appeal because of the rule that a party who seeks some advantage under a statute or ordinance, such as a permit or a variance, is precluded from subsequently attacking the validity of the statute or ordinance." Id., 179. The

court concluded that the Superior Court had jurisdiction over the claim because there was no mechanism for judicial review of the administrative decision.[3] Id.

In the present case, a review of the plaintiff's ability to obtain judicial review of board decisions is necessary to facilitate our discussion. Our Supreme Court has "declared that [t]here is no absolute right of appeal to the courts from a decision of an administrative agency. . . . Appeals to the courts from administrative [agencies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created . . . and can be acquired and exercised only in the manner prescribed. . . . *In the absence of statutory authority, therefore, there is no right of appeal from [an agency's] decision . . . .*" (Emphasis in original; internal quotation marks omitted.) *Fullerton* v. *Administrator, Unemployment Compensation Act*, 280 Conn. 745, 760, 911 A.2d 736 (2006); *Chatterjee* v. *Commissioner of Revenue Services*, 277 Conn. 681, 688, 894 A.2d 919 (2006).

Section 4-183 (a) of the act generally governs judicial review of administrative decisions and provides in relevant part that "[a] person who has exhausted all administrative remedies . . . and who is aggrieved by a final

___

[3] Our Supreme Court subsequently has recognized the seemingly inherent conflict with the holdings of *Greater Bridgeport Transit District* and *Aaron*. The court has stated that although *Greater Bridgeport Transit District* and *Aaron* are distinguishable on the basis of the type of relief sought and the availability of an administrative remedy, it regarded *Greater Bridgeport Transit District* as implicitly overruling *Aaron* "with respect to the absence of an exhaustion requirement for the determination of an agency's jurisdiction when an adequate administrative remedy is available." *Cannata* v. *Dept. of Environmental Protection*, 215 Conn. 616, 622 n.7, 577 A.2d 1017 (1990). We conclude, however, that *Greater Bridgeport Transit District* overrules *Aaron* only when an adequate administrative remedy is available. Because "an administrative remedy is adequate when it could provide the plaintiff with the relief that it seeks *and* provide a mechanism for judicial review of the administrative decision"; (emphasis added) *O & G Industries, Inc.* v. *Planning & Zoning Commission*, 232 Conn. 419, 426, 655 A.2d 1121 (1995); we regard *Aaron* as having validity when a plaintiff wants to challenge

decision may appeal to the Superior Court . . . ." The act, however, does not permit appeals from all types of administrative decisions. Specifically, General Statutes § 4-186 (f) provides that a plaintiff may appeal from the defendant's decisions pursuant to the provisions of General Statutes § 17a-597.[4] Section 17a-597 provides that a plaintiff may appeal, inter alia, those decisions entered pursuant to subdivision (2) or (3) of General Statutes § 17a-584.[5] Section 17a-584 requires the defendant, at any hearing considering the discharge, conditional release or confinement of an acquittee, to make a finding as to the mental condition of the acquittee and (1) to recommend that the acquittee be discharged, (2) to order the acquittee conditionally released or (3) to order the person confined in a hospital for persons with psychiatric disabilities.[6] In effect, the act limits a plaintiff's ability to appeal from the orders of the defendant entered pursuant to subdivisions (2) or (3) of § 17a-584. See *Dyous* v. *Psychiatric Security Review Board*, supra, 264 Conn. 774–75 (stating that it is "clear and unequivocal" that § 17a-597 [a] limits a plaintiff's right to appeal any order of the board entered pursuant to § 17a-584 [2] or [3]).

an agency's jurisdiction but there is no mechanism in place for judicial review of the administrative decision.

[4] General Statutes § 4-186 (f) provides in relevant part: "The provisions of section 4-183 shall apply to the Psychiatric Security Review Board in the manner described in section 17a-597 . . . ."

[5] General Statutes § 17a-597 (a) provides in relevant part: "Any order of the board entered pursuant to subdivision (2) or (3) of section 17a-584 . . . may be appealed to the Superior Court pursuant to section 4-183. . . ."

[6] General Statutes § 17a-584 provides in relevant part: "At any hearing before the board considering the discharge, conditional release or confinement of the acquittee . . . the board shall make a finding as to the mental condition of the acquittee and . . . shall do one of the following: (1) If the board finds that the acquittee is a person who should be discharged, shall recommend such discharge to the court . . . . (2) If the board finds that the acquittee is a person who should be conditionally released, the board shall order the acquittee conditionally released . . . . (3) If the board finds that the acquittee is a person who should be confined, the board shall order the person confined . . . ."

In the present case, the plaintiff seeks a declaratory judgment that the defendant does not have jurisdiction over him. If we assume for a moment that the plaintiff were required to bring his claim before the defendant in the first instance, a declaratory ruling by the defendant would be entered pursuant to General Statutes § 4-176.[7] This ruling would not be enumerated as an appealable decision under § 17a-597, and the plaintiff, consequently, would have no avenue by which to appeal from the defendant's jurisdictional determination. Therefore, the precedent established in *Greater Bridgeport Transit District* that "[w]*here there is in place a mechanism for adequate judicial review,* such as that contained in § 4-183, [i]t is [the] general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation" is inapplicable in the present case because the statutory framework of § 4-183 does not afford a mechanism for adequate judicial review of the defendant's determination of its own jurisdiction. (Emphasis added; internal quotation marks omitted.) *Greater Bridgeport Transit District* v. *Local Union 1336*, supra, 211 Conn. 439.

Consequently, we conclude that the exception to the general rule, as set forth in *Aaron* v. *Conservation Commission*, supra, 178 Conn. 173, applies in this situation. We find that the statutory framework of the act deprives the plaintiff of an adequate administrative remedy because he has no judicial mechanism to challenge the defendant's determination of its own jurisdiction. The plaintiff's declaratory judgment action challenging the jurisdiction of the defendant, therefore, falls within the subject matter jurisdiction of the Superior Court.

---

[7] General Statutes § 4-176 (a) provides in relevant part: "Any person may petition an agency . . . for a declaratory ruling as to the validity of any regulation, or the applicability to specified circumstances of a provision of the general statutes, a regulation, or a final decision on a matter within the jurisdiction of the agency."

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.