******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# THE METROPOLITAN DISTRICT *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
## (AC 39371)

Sheldon, Elgo and Mihalakos, Js.

*Syllabus*

The plaintiff municipal entity, which was the respondent in several proceedings pending before the defendant Commission on Human Rights and Opportunities, commenced this action seeking a declaratory judgment, as well as injunctive and other relief, against the commission, which is a state agency governed by the provisions of the Uniform Administrative Procedure Act (act) (§ 4-166 et seq.). The plaintiff alleged that the commission, as a matter of practice, had assumed and retained jurisdiction over complaints without conducting a proper merit assessment review and made improper reasonable cause determinations, in contravention of its statutory and regulatory obligations and in violation of the plaintiff's right to due process. The commission filed a motion to dismiss the action for lack of subject matter jurisdiction due to the plaintiff's failure to exhaust its administrative remedies. The trial court granted the motion to dismiss and rendered judgment dismissing the plaintiff's action, from which the plaintiff appealed to this court. *Held*:

1. The plaintiff had adequate administrative remedies that it was required, but failed, to exhaust prior to commencing the present civil action: although the complaint primarily complained of certain routine practices allegedly engaged in by the commission, the present action was predicated on the commission's conduct in five specific proceedings before the commission in which the plaintiff was the respondent, three of which were pending before the commission at the time the plaintiff commenced the present action and concerned the same conduct that formed the basis for the declaratory relief requested, namely, that the commission had not complied with its statutory and regulatory obligations and had improperly assumed jurisdiction over complaints against the plaintiff filed by independent contractors, and, therefore, the plaintiff was required to exhaust its remedies in those pending administrative proceedings, including filing an administrative appeal pursuant to § 4-183 in the Superior Court following the commission's decision, if necessary; moreover, because, during the pendency of those administrative actions, the plaintiff could not resort to the avenues of declaratory relief available under the act to bypass its obligation to exhaust its remedies in the context of a pending administrative proceeding, it likewise was foreclosed from seeking declaratory relief via an independent action in the Superior Court, and to the extent that any issues remained following the culmination of those proceedings, the plaintiff could then properly seek declaratory relief as provided by §§ 4-175 and 4-176.

2. The plaintiff could not prevail on its claim that it qualified for an exception to the exhaustion of administrative remedies requirement for situations in which resort to the administrative remedy would be futile or inadequate: the plaintiff failed to establish demonstrable futility in pursuing its administrative remedies before the commission, as proceedings before the commission are not futile where, as here, a plaintiff's claims can be addressed by way of defenses to the complaint, the plaintiff did not establish that it could not prevail before the commission in the pending proceedings, and although the plaintiff claimed that it was unlikely that the commission would rule in its favor and declare its own conduct to be improper, that contention was based on speculation, which could not establish the requisite futility; moreover, the plaintiff was not permitted to bypass the available administrative procedures even though that process might prove more costly and less convenient than going directly to Superior Court, it could pursue an administrative appeal pursuant to § 4-183, in which it could challenge the agency's determinations, and it failed to articulate any reason why such an appeal would be inadequate, particularly when the statute expressly encompasses allegations that an agency has acted in violation of statutory

provisions, in excess of its statutory authority, or upon unlawful procedure.

3. The plaintiff could not prevail on its claim that because it was contesting the jurisdiction of the commission it did not need to comply with the exhaustion requirement, which was based on its claim that there exists a broad exception to the exhaustion requirement that is implicated when the jurisdiction of the administrative agency is challenged: our Supreme Court previously has rejected a similar argument and determined that an administrative agency must first be given the opportunity to determine its own jurisdiction, and, therefore, the plaintiff was obligated to raise its challenge to the jurisdiction of the commission in the pending administrative proceedings and, if necessary, in an appeal pursuant to § 4-183 or a subsequent declaratory petition pursuant to § 4-176; moreover, the inclusion of requests for injunctive relief and a writ of mandamus in the complaint did not obviate the need for the plaintiff to comply with the exhaustion requirement.

4. The plaintiff's claim that the exhaustion of administrative remedies requirement did not apply to the count of its complaint alleging a violation of its federal due process rights was unavailing; the inadequacy of an available legal remedy is a standard prerequisite for injunctive relief in a state court, and where, as here, an adequate administrative remedy existed, no form of injunctive relief, under the applicable federal statute (42 U.S.C. § 1983) or otherwise, was justified as an exception to the exhaustion requirement.

Argued November 30, 2017—officially released March 27, 2018

*Procedural History*

Action seeking, inter alia, a judgment declaring that the defendant Commission on Human Rights and Opportunities had engaged in improper rule making, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Scholl, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Jeffrey J. Mirman*, with whom, on the brief, was *Amy E. Markim*, for the appellant (plaintiff).

*Emily V. Melendez*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (defendant).

*Opinion*

ELGO, J. In this civil action, the plaintiff, The Metropolitan District,[1] appeals from the judgment of the trial court granting the motion to dismiss filed by the defendant, the Connecticut Commission on Human Rights and Opportunities (commission). On appeal, the plaintiff claims that the court improperly dismissed the action for lack of subject matter jurisdiction due to the plaintiff's failure to exhaust its administrative remedies. We disagree and, accordingly, affirm the judgment of the trial court.

The plaintiff is a municipal entity that was created in 1929 by a special act of the General Assembly "for the purpose of water supply, waste management and regional planning." *Martel* v. *Metropolitan District Commission*, 275 Conn. 38, 41, 881 A.2d 194 (2005); see also *Rocky Hill Convalescent Hospital, Inc.* v. *Metropolitan District*, 160 Conn. 446, 450–51, 280 A.2d 344 (1971). The commission is a state agency whose "primary role . . . is to enforce statutes barring discrimination . . . ." *Commission on Human Rights & Opportunities* v. *Hartford*, 138 Conn. App. 141, 144 n.2, 50 A.3d 917, cert. denied, 307 Conn. 929, 55 A.3d 570 (2012). With respect to certain nondiscrimination statutes, the legislature expressly has deemed the plaintiff "to be a state agency" within the jurisdiction of the commission. General Statutes § 46a-68 (a).

In late December, 2015, the plaintiff commenced this action seeking a declaratory judgment against the commission, as well as injunctive relief and a writ of mandamus. In its complaint, the plaintiff alleges that the commission, "as a matter of practice," assumes and retains jurisdiction over complaints without conducting a proper merit assessment review and makes improper reasonable cause determinations, in contravention of its statutory and regulatory obligations. More specifically, the plaintiff alleges that the commission routinely fails to comply with the strictures of General Statutes § 46a-83 and §§ 46a-54-42a (a) and 46a-54-49a (b) of the Regulations of Connecticut State Agencies.[2] By so doing, the commission allegedly has engaged in improper rulemaking and has violated the plaintiff's due process rights, as secured by 42 U.S.C. § 1983. Those allegations are predicated in part on the commission's conduct in five specific proceedings in which the plaintiff was the respondent.[3] The complaint also alleges that the commission lacks jurisdiction over complaints made by independent contractors against the plaintiff.

The request for relief in the plaintiff's complaint is primarily declaratory in nature. The plaintiff seeks a declaratory judgment that the commission has engaged in improper rulemaking by engaging in certain "routine practices"[4] and has "violated the procedural and substantive due process rights of the [plaintiff] by engaging

in [those] practices." The complaint also seeks a declaratory judgment "that General Statutes § 46a-71[5] does not apply to the [plaintiff], and that the [commission] does not have jurisdiction over complaints filed by independent contractors against the [plaintiff]." (Footnote added.)

Apart from such declaratory relief, the complaint requests a permanent injunction "enjoining the [commission] from engaging in improper rulemaking . . . and requiring [it] to follow its statutory mandate to engage in proper merit assessment reviews, to dismiss complaints during the merit assessment review process where no reasonable cause exists, to engage in proper substantive review during the early legal intervention process, and to refrain from attempting to assume jurisdiction over matters outside the jurisdiction of the agency."[6] The complaint further requests a writ of mandamus ordering the commission "to review all of its files regarding complaints of discriminatory employment practices since 2011" to determine whether the commission engaged in any of the routine practices enumerated in its complaint. See footnote 4 of this opinion.

In response, the commission filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction due to the plaintiff's failure to exhaust its administrative remedies.[7] Following the filing of memoranda of law by the parties, the court heard argument on the motion. In its subsequent memorandum of decision, the court concluded that the plaintiff had adequate administrative remedies that it failed to exhaust prior to commencing this action. Accordingly, the court granted the motion to dismiss for lack of subject matter jurisdiction, and this appeal followed.

As a preliminary matter, we note that "[i]n an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation marks omitted.) *Francis* v. *Chevair*, 99 Conn. App. 789, 791, 916 A.2d 86, cert. denied, 283 Conn. 901, 926 A.2d 669 (2007). "When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint,

including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Bellman* v. *West Hartford*, 96 Conn. App. 387, 393, 900 A.2d 82 (2006). Further, in addition to admitting all facts well pleaded, the motion to dismiss "invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) *Henriquez* v. *Allegre*, 68 Conn. App. 238, 242, 789 A.2d 1142 (2002).

This appeal concerns the proper application of the exhaustion doctrine. "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. . . . Under that doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Internal quotation marks omitted.) *Republican Party of Connecticut* v. *Merrill*, 307 Conn. 470, 477, 55 A.3d 251 (2012); see also *Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S. Ct. 459, 82 L. Ed. 638 (1938) ("no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted").

The exhaustion doctrine is rooted in both prudential and constitutional considerations. As our Supreme Court has explained, "separation of powers principles [underlie] the exhaustion doctrine, namely, to foster an orderly process of administrative adjudication and judicial review, offering a reviewing court the benefit of the agency's findings and conclusions. It relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review. . . . Moreover, the exhaustion doctrine recognizes the notion, grounded in deference to [the legislature's] delegation of authority to coordinate branches of [g]overnment, that *agencies, not the courts, ought to have primary responsibility for the programs that [the legislature] has charged them to administer.* . . . Therefore, exhaustion of remedies serves dual functions: it protects the courts from becoming unnecessarily burdened with administrative appeals and it ensures the integrity of the agency's role in administering its statutory responsibilities." (Emphasis in original; internal quotation marks omitted.) *Lopez* v. *Board of Education*, 310 Conn. 576, 598–99, 81 A.3d 184 (2013); see also *McKart* v. *United States*, 395 U.S. 185, 194, 89 S. Ct. 1657, 23 L. Ed. 2d 194 (1969) (exhaustion doctrine an expression of executive autonomy); *American Federation of Government Employees* v. *Resor*, 442 F.2d 993, 994 (3d Cir. 1971) ("[f]or the courts to act prematurely, prior to the final decision of the appropriate

administrative agency, would raise a serious question regarding the doctrine of separation of powers, and in any event would violate a [legislative] decision that the present controversy be initially considered by the [agency]"); *Pet* v. *Dept. of Health Services*, 207 Conn. 346, 351–52, 542 A.2d 672 (1988) ("[A] favorable outcome [in an administrative proceeding] will render review by the court unnecessary as . . . [a] complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene." [Internal quotation marks omitted.]). Accordingly, "[i]t is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) *Fairchild Heights Residents Assn., Inc.* v. *Fairchild Heights, Inc.*, 310 Conn. 797, 808, 82 A.3d 602 (2014).

I

We first consider the question of whether administrative remedies were available to the plaintiff in the present case. In this regard, we note that the plaintiff's complaint is twofold in nature. Although it primarily complains of certain "routine practices" allegedly engaged in by the commission, it also is predicated on the commission's conduct in five specific proceedings in which the plaintiff was the respondent. See footnote 3 of this opinion.

With respect to the former, we note that the complaint generally alleges that the commission routinely fails to comply with certain statutory and regulatory obligations. In addition, the plaintiff seeks a declaratory judgment "that [§] 46a-71 does not apply to the [plaintiff], and that the [commission] does not have jurisdiction over complaints filed by independent contractors against the [plaintiff]." In granting the motion to dismiss, the court concluded, inter alia, that the plaintiff had "the ability to request a declaratory ruling from the commission as to the issues it raises," which it failed to exhaust before commencing this civil action in the Superior Court.[8] That determination merits closer scrutiny.

The commission is a state agency governed by the provisions of the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. See *Commission on Human Rights & Opportunities* v. *Board of Education*, 270 Conn. 665, 673, 855 A.2d 212 (2004). Pursuant to General Statutes § 4-176 (a), "[a]ny person may petition an agency, or an agency may on its own motion initiate a proceeding, for a declaratory ruling as to the validity of any regulation, or the applicability to specified circumstances of a provision of the general statutes, a regulation, or a final decision on a matter within the jurisdiction of the agency." If the agency

issues a declaratory ruling in response to a request made pursuant to § 4-176, "[a]n aggrieved party can appeal from a declaratory ruling to the Superior Court pursuant to General Statutes § 4-183. See General Statutes §§ 4-166 (3)[9] [now (5)] and 4-176 (h).[10] In addition, if an agency declines to issue a declaratory ruling, the person who requested the ruling may bring a declaratory judgment action [in the Superior Court] pursuant to General Statutes § 4-175 (a).[11]" (Footnotes in original.) *Republican Party of Connecticut* v. *Merrill*, supra, 307 Conn. 477–78.

Compliance with § 4-176 is not a discretionary option for a party such as the plaintiff, but rather is a "precondition" to the commencement of a declaratory action in the Superior Court. *Financial Consulting, LLC* v. *Commissioner of Ins.*, 315 Conn. 196, 199, 105 A.3d 210 (2014). As our Supreme Court has explained, "[i]n 1988, the legislature passed No. 88-317 of the 1988 Public Acts (P.A. 88-317), which substantially revised the UAPA. . . . The purpose of this revision, in part, was to simplify the [circumstances] that require appeal [from declaratory rulings] as oppose[d] to independent action. . . . Accordingly, the legislature subjected declaratory rulings . . . in both contested and noncontested cases, to judicial review by way of [administrative] appeal . . . and *limited direct petitions to the Superior Court for declaratory judgments to those circumstances wherein the petitioner first had requested a declaratory ruling from the agency, but did not receive one.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Sastrom* v. *Psychiatric Security Review Board*, 291 Conn. 307, 322–23, 968 A.2d 396 (2009). For that reason, the Supreme Court "repeatedly has held that when a plaintiff can obtain relief from an administrative agency by requesting a declaratory ruling pursuant to § 4-176, the failure to exhaust that remedy deprives the trial court of subject matter jurisdiction over an action challenging the legality of the agency's action." *Republican Party of Connecticut* v. *Merrill*, supra, 307 Conn. 478; see also *Polymer Resources, Ltd.* v. *Keeney*, 227 Conn. 545, 558, 630 A.2d 1304 (1993) ("[b]ecause [the plaintiff] could have appealed to the Superior Court pursuant to § 4-183 from any adverse declaratory ruling by the commissioner . . . [it] was required to request such a declaratory ruling before seeking redress in court"); *Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.*, 178 Conn. 586, 589–91, 424 A.2d 285 (1979) (plaintiff improperly bypassed administrative remedy by failing to seek declaratory ruling from agency prior to commencing action in Superior Court). It is undisputed that the plaintiff did not avail itself of the administrative remedy provided by § 4-176 prior to commencing this declaratory action.

Whether the plaintiff properly was entitled to avail itself of that administrative remedy is another question. While the essence of the plaintiff's complaint is that

the commission allegedly has failed, as a matter of practice, to comply with certain statutory and regulatory obligations, the complaint also is predicated on the commission's conduct in five specific proceedings before the commission in which the plaintiff was the respondent. The inclusion of such allegations requires us to consider whether the pendency of any of those proceedings precluded resort to the avenues of declaratory relief afforded under §§ 4-175 and 4-176, in light of our Supreme Court's decision in *Financial Consulting, LLC* v. *Commissioner of Ins.*, supra, 315 Conn. 196.

The plaintiffs in that case were insurance producers that were licensees of the defendant administrative agency. Id., 200–201. When an insurance company notified the agency that it was terminating the plaintiffs as its agents due to their "alleged misconduct while selling life insurance policies," the agency began an investigation of the plaintiffs to determine whether they had violated any state insurance laws. Id., 201. During the course of that investigation, the agency issued " 'second chance' " notices to the plaintiffs "informing them of the allegations and offering them an opportunity to show their compliance with the law in order to retain their licenses." Id.

While that investigation was pending, the plaintiffs filed a petition for a declaratory ruling pursuant to § 4-176 with the agency,[12] which took no action thereon. Id., 202–203. After sixty days had passed, the plaintiffs brought a declaratory action in the Superior Court pursuant to § 4-175. Id., 203. Because the agency at that time was engaged in an investigation of the plaintiffs, the trial court concluded that the investigation constituted a pending " 'agency proceeding' " under the UAPA. Id., 204. The court therefore "rejected the plaintiffs' claim that §§ 4-175 and 4-176 authorized them to use the declaratory judgment procedure to bypass the [agency's] pending administrative process" and dismissed the matter for lack of subject matter jurisdiction due to the plaintiffs' failure to exhaust their administrative remedies. Id., 204–205.

On appeal, the Supreme Court addressed, as a matter of first impression, the issue of "whether the declaratory ruling and judgment procedures [set forth in §§ 4-175 and 4-176] are available when an agency proceeding, such as an investigation, is already pending with respect to the conduct at issue." Id., 211; see also id., 215 n.15. The court answered that query in the negative, stating that "[t]he utility of that statutory procedure is . . . largely vitiated if agency proceedings have already been commenced with respect to the same conduct that forms the basis for the petition for declaratory relief. An administrative proceeding affords its subject numerous potential remedies including . . . judicial relief in an administrative appeal pursuant to § 4-183 from the final agency decision against them. . . . Thus, once an

administrative proceeding has commenced, the prudential concerns underlying the exhaustion doctrine counsel against permitting parties to pursue a judicial remedy such as a declaratory judgment." Id., 214–15. The court further noted authority from sister states that "supports the position . . . that the declaratory judgment procedures under §§ 4-175 and 4-176 may not be used to bypass a party's obligation to exhaust its remedies in the context of a pending administrative proceeding." Id., 215–16. The court nevertheless held that, because the agency had "not yet instituted formal license revocation proceedings" against the plaintiffs; id., 221; the trial court had "improperly dismissed this declaratory judgment action on the ground that the plaintiffs had failed to exhaust their administrative remedies." Id., 222.

In so doing, the court in *Financial Consulting, LLC*, distinguished those proceedings before the defendant Commissioner of Insurance from investigatory proceedings before the commission, stating that "in contrast to the relatively informal second chance process that is a precursor to license revocation proceedings [before the Commissioner of Insurance, proceedings before the commission] involve formal agency proceedings . . . ." Id., 222 n.21. That distinction is consistent with *Greater Bridgeport Transit District* v. *Commission on Human Rights & Opportunities*, 211 Conn. 129, 131, 557 A.2d 925 (1989), which recognized that the commission's "investigation of a complaint of employment discrimination"; id., 133; constituted a pending administrative proceeding that required exhaustion prior to "a judicial challenge" to the commission's actions. Id., 131; see also id. ("we have recognized the delay and disruption in the administrative process that would result from judicial interference with statutorily authorized administrative investigations intended to determine whether there is a factual basis for the initiation of formal proceedings"); *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office*, 202 Conn. 601, 605, 608, 522 A.2d 781 (holding that respondent in pending commission proceeding could not raise issues in Superior Court proceeding challenging administrative action because "the investigatory stage" had not concluded and stating that "the [commission's] investigation may not be forestalled at this point in the proceeding simply because [constitutional] issues may later be raised if the outcome of the investigatory process is adverse to the defendants"), appeal dismissed, 484 U.S. 805, 108 S. Ct. 51, 98 L. Ed. 2d 15 (1987).

In accordance with the foregoing, we must examine the record to determine (1) whether any of the five proceedings before the commission detailed in the plaintiff's complaint were pending at the time that this action was commenced and (2) if so, whether the proceeding concerns "the same conduct that forms the basis for the petition for declaratory relief." *Financial*

*Consulting, LLC* v. *Commissioner of Ins.*, supra, 315 Conn. 214. At oral argument before the trial court on the motion to dismiss, the plaintiff's counsel conceded that the *Dixon* and *Smith* matters; see footnote 3 of this opinion; were not pending.[13] Nevertheless, the commission, in its motion to dismiss, acknowledged that the other three proceedings, identified as *Sotil* v. *Metropolitan District Commission*, *Cipes* v. *Metropolitan District Commission*, and *Wills* v. *Metropolitan District Commission*, in the plaintiff's complaint, were "currently pending" before the commission.

Guided by the precedent of our Supreme Court in *Financial Consulting, LLC* v. *Commissioner of Ins.*, supra, 315 Conn. 214, we therefore look to whether any of those three proceedings concern the same conduct that forms the basis for the present declaratory action. In this regard, we are mindful of the procedural posture of this case, in which the court, in considering the merits of a motion to dismiss, must construe the allegations of the complaint in the light most favorable to the pleader. *Wilkins* v. *Connecticut Childbirth & Women's Center*, 314 Conn. 709, 718, 104 A.3d 671 (2014).

So construed, the plaintiff's complaint indicates that the *Sotil* matter involves the same conduct complained of in this civil action—namely, the commission's alleged noncompliance with its statutory and regulatory obligations, and its jurisdiction over complaints filed by independent contractors against the plaintiff.[14] The parties have not argued otherwise in this appeal. In addition, both the commission and the plaintiff, in their respective memoranda of law submitted on the motion to dismiss, appended various documents regarding the *Sotil* matter that plainly evince a dispute as to whether the commission had improperly retained jurisdiction over the matter, as the plaintiff alleges in its complaint.[15] The plaintiff's complaint also indicates that although "[i]n the position statement filed on September 29, 2015, in connection with the *Sotil* case . . . counsel for the [plaintiff] advised the [commission], inter alia, that (1) all of the claims were filed beyond the 180 day limitation period and are time barred, and (2) that the [commission] is without jurisdiction over those claims brought pursuant to 42 U.S.C. [§] 1981," the commission refused to address those jurisdictional issues. The complaint likewise alleges that the *Cipes* matter involves the issue of whether the complainant was an independent contractor over which the commission had jurisdiction, while the *Wills* matter pertains to whether the commission improperly had retained jurisdiction over an untimely complaint. Like the plaintiffs in *Financial Consulting, LLC* v. *Commissioner of Ins.*, supra, 315 Conn. 202–203, the plaintiff here was a respondent in administrative agency proceedings that concerned the very issues on which it sought declaratory relief.

The existence of those pending administrative pro-

ceedings, which concern the same conduct that forms the basis for the plaintiff's request for declaratory relief, precluded the plaintiff from seeking such relief pursuant to §§ 4-175 and 4-176. As our Supreme Court observed, those declaratory judgment procedures, which are the only statutory mechanisms by which a party to an administrative proceeding may bring a direct petition for declaratory relief to the Superior Court; *Sastrom* v. *Psychiatric Security Review Board*, supra, 291 Conn. 322; "may not be used to bypass a party's obligation to exhaust its remedies in the context of a pending administrative proceeding."[16] *Financial Consulting, LLC* v. *Commissioner of Ins.*, supra, 315 Conn. 216. If resort to the declaratory relief afforded by §§ 4-175 and 4-176 is foreclosed due to the pendency of the aforementioned administrative proceedings identified in the plaintiff's complaint, logic dictates that declaratory relief via an independent civil action in the Superior Court likewise is foreclosed. To conclude otherwise would run afoul of both the prudential and the constitutional underpinnings of the exhaustion doctrine.

Pursuant to that doctrine, the plaintiff was required to exhaust its remedies in those pending administrative proceedings. Should the plaintiff prevail therein, unnecessary judicial intervention would be averted, consistent with the well recognized principle that "whenever possible, courts will stay their hand with respect to addressing matters that are within the cognizance of administrative agencies." Id., 212. If the plaintiff does not prevail, it nevertheless would have "access to an administrative remedy"; id., 207; in the form of an administrative appeal pursuant to § 4-183.

As our Supreme Court has observed, "§ 4-183[17] provides the proper avenue for reviewing an agency's actions. . . . Not only does that statute provide a right of appeal from a final agency decision by an aggrieved party, but it also includes an immediate right to appeal from an adverse preliminary ruling if review of the final agency decision would not provide an adequate remedy.[18] Moreover, the statutory framework includes a means of staying an agency decision pending appeal.[19] . . . Thus, a potentially aggrieved party is well protected by statute."[20] (Citation omitted; footnotes added.) *Pet* v. *Dept. of Health Services*, supra, 207 Conn. 352. In commencing this civil action while the *Sotil*, *Cipes*, and *Wills* matters remained pending before the commission, the plaintiff, to paraphrase our Supreme Court, chose not to avail itself of the safeguards afforded by § 4-183. See id.

In its memorandum of decision, the trial court concluded that "[i]t is clear to the court that all the issues raised by the [plaintiff] can be litigated and resolved in the context of the [pending commission] proceedings, and, if the [plaintiff] is unsuccessful, can be appealed to the court or be the subject of a petition for a declaratory

ruling to [the commission]." We agree with that assessment. If the plaintiff does not prevail in the pending *Sotil*, *Cipes*, and *Wills* matters, it may bring an administrative appeal—interlocutory if necessary—before the Superior Court pursuant to § 4-183. If the plaintiff ultimately prevails in the *Sotil*, *Cipes*, and *Wills* matters, its interests ostensibly will be vindicated, but to the extent that any issues remain following the culmination of those proceedings, the plaintiff then properly may seek declaratory relief as provided by §§ 4-175 and 4-176. In light of the pendency of the *Sotil*, *Cipes*, and *Wills* proceedings before the commission, we conclude that administrative remedies were available to the plaintiff that it was required to exhaust, including an appeal pursuant to § 4-183, rather than commencing an independent civil action for declaratory relief in the Superior Court.[21] See *Housing Authority* v. *Papandrea*, 222 Conn. 414, 423–24, 610 A.2d 637 (1992) ("[w]hen a party has a statutory right of appeal from a decision of the administrative agency, [it] may not, instead of appealing, bring an independent action to test the very issues which the [administrative] appeal was designed to test" [internal quotation marks omitted]).

## II

The plaintiff nonetheless claims that it qualifies for two exceptions to the exhaustion requirement. First, it argues that its administrative remedies are futile and inadequate. Second, the plaintiff claims that it need not comply with the exhaustion requirement when challenging the jurisdiction of the commission. We disagree with both contentions.

### A

We begin by noting that "[n]otwithstanding the important public policy considerations underlying the exhaustion requirement, [our Supreme Court] has carved out several exceptions from the exhaustion doctrine . . . although only infrequently and only for narrowly defined purposes. . . . Such narrowly defined purposes include when recourse to the . . . remedy would be futile or inadequate. . . . A remedy is futile or inadequate if the decision maker is without authority to grant the requested relief." (Citations omitted; internal quotation marks omitted.) *Garcia* v. *Hartford*, 292 Conn. 334, 340, 972 A.2d 706 (2009). "It is futile to seek a remedy only when such action could not result in a favorable decision . . . ." *O & G Industries, Inc.* v. *Planning & Zoning Commission*, 232 Conn. 419, 429, 655 A.2d 1121 (1995); see also *Polymer Resources, Ltd.* v. *Keeney*, supra, 227 Conn. 563 ("[d]irect adjudication even of constitutional claims is not warranted when the relief sought by a litigant might conceivably have been obtained through an alternative [statutory] procedure . . . which [the litigant] has chosen to ignore" [internal quotation marks omitted]). To avail itself of the futility exception, a plaintiff must establish "demon-

strable futility in pursuing an available administrative remedy." *Pet* v. *Dept. of Health Services*, supra, 207 Conn. 356.

The plaintiff has not satisfied that burden. It is undisputed that, at the time that it commenced this action, the *Sotil*, *Cipes*, and *Wills* matters remained pending before the commission. In each instance, the plaintiff was the respondent. As this court has noted, proceedings before the commission are not futile when "the plaintiff's claims can be addressed by way of defenses to [the complainant's] complaint." *Flanagan* v. *Commission on Human Rights & Opportunities*, 54 Conn. App. 89, 92, 733 A.2d 881, cert. denied, 250 Conn. 925, 738 A.2d 656 (1999). Furthermore, the plaintiff has not even argued, much less demonstrated, that it cannot prevail before the commission in those pending proceedings. This case thus resembles *Johnson* v. *Dept. of Public Health*, 48 Conn. App. 102, 114, 710 A.2d 176 (1998), in which we observed that the futility exception did not apply because "[t]he plaintiff may prevail before the agency. He has available an adequate remedy, recognized under [§ 4-183], namely, to resort to the agency proceedings that have been instituted, which he now wants to bypass."

In its appellate reply brief, the plaintiff insists that it is unlikely that the commission would rule in the plaintiff's favor and declare its own conduct to be improper. We decline to view an administrative agency of this state with such a jaundiced eye. As the United States Supreme Court has noted, "[j]udicial intervention into the agency process denies the agency an opportunity to correct its own mistakes." *Federal Trade Commission* v. *Standard Oil Co. of California*, 449 U.S. 232, 242, 101 S. Ct. 488, 66 L. Ed. 2d 416 (1980). Moreover, the plaintiff's contention is pure speculation, which cannot establish the requisite futility. See *Polymer Resources, Ltd.* v. *Keeney*, supra, 227 Conn. 562 ("a mere conclusory assertion that an agency will not reconsider its decision does not excuse compliance with the exhaustion requirement"); *O & G Industries, Inc.* v. *Planning & Zoning Commission*, supra, 232 Conn. 429 (when party's suspicion of bias on part of zoning commission is purely speculative, such suspicion does not render exhaustion of administrative remedies futile); *LaCroix* v. *Board of Education*, 199 Conn. 70, 84–85, 505 A.2d 1233 (1986) ("the statutory remedies are not rendered futile by the plaintiff's conclusory assertion that requesting and attending a hearing before the defendant board would have been pointless in the face of the board's earlier decision to terminate his employment"); *Johnson* v. *Dept. of Public Health*, supra, 48 Conn. App. 113 ("[t]he mere allegation that [resort to agency action] will prove [futile] is not cognizable"). As one court aptly observed, "[n]o doubt denial is the likeliest outcome [in the administrative proceeding], but that is not sufficient reason for waiving the require-

ment of exhaustion. Lightning may strike; and even if it doesn't, in denying relief the [agency] may give a statement of its reasons that is helpful to the [court] in considering the merits of the claim." (Emphasis omitted.) *Greene* v. *Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

The record plainly reflects that the plaintiff is dismayed by the resources which it must expend in responding to complaints made with the commission. The plaintiff also bemoans what, at times, can be a protracted process before the commission. As its counsel stated at oral argument before this court, an independent action before the Superior Court provides a much "quicker" avenue of redress than what it describes in its appellate reply brief as the "painfully slow process utilized by the [commission]." That argument is contrary to our precedent, which instructs that "[i]t is no answer for the plaintiff, in refusing to avail himself of that administrative remedy, to claim that to do so may prove more costly and less convenient than going directly to Superior Court." *Johnson* v. *Dept. of Public Health*, supra, 48 Conn. App. 114; see also *Federal Trade Commission* v. *Standard Oil Co. of California*, supra, 449 U.S. 244. Moreover, the plaintiff has not argued, either before the trial court or on appeal, that the present case qualifies under the "immediate and irreparable harm" exception to the exhaustion requirement. See, e.g., *Polymer Resources, Ltd.* v. *Keeney*, supra, 227 Conn. 561.

The plaintiff's claim of futility and inadequacy is further undermined by the fact that if it does not prevail in the pending proceedings before the commission, an avenue of administrative appeal awaits the plaintiff pursuant to § 4-183.[22] In such an appeal, an aggrieved party may challenge an agency's determinations on the basis that they are "(1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." General Statutes § 4-183 (j). The plaintiff has not articulated any reason why such an appeal would be inadequate. Section 4-183 "[n]ot only . . . [provides] a right of appeal from a final agency decision by an aggrieved party, but it also includes an immediate right to appeal from an adverse preliminary ruling if review of the final agency decision would not provide an adequate remedy. Moreover, the statutory framework includes a means of staying an agency decision pending appeal. . . . Thus, a potentially aggrieved party is well protected by statute." (Citation omitted; footnote omitted.) *Pet* v. *Dept. of Health Services*, supra, 207 Conn. 352. As our Supreme Court has observed, "a claim that an administrative agency has exceeded its statutory authority or jurisdiction may

be the subject of an administrative appeal." *Payne* v. *Fairfield Hills Hospital*, 215 Conn. 675, 679, 578 A.2d 1025 (1990).

The gravamen of the plaintiff's complaint is that the commission has acted in contravention of its statutory and regulatory obligations.[23] The plaintiff has offered no explanation as to why an appeal pursuant to § 4-183 would be inadequate to review such claims, particularly when that statute expressly encompasses allegations that an agency has acted in violation of statutory provisions, in excess of its statutory authority, or upon unlawful procedure; General Statutes § 4-183 (j); or why the Superior Court in such an appeal could not provide the plaintiff with adequate relief.[24] Indeed, the record before us reflects, and the trial court in this case found, that the plaintiff availed itself of its avenue of appeal pursuant to § 4-183 with respect to the *Dixon* and *Smith* matters referenced in its complaint. See footnote 19 of this opinion.

Moreover, in the pending *Sotil*, *Cipes*, and *Wills* administrative proceedings, the plaintiff is free to advance, as defenses to the complainants' allegations; see *Flanagan* v. *Commission on Human Rights & Opportunities*, supra, 54 Conn. App. 92; its claims that § 46a-71 does not apply to the plaintiff and that the commission lacks jurisdiction over complaints filed by independent contractors, as alleged in the present complaint. If the commission ultimately rejects those contentions, the plaintiff could appeal that adverse ruling to the Superior Court pursuant to § 4-183. See *Cannata* v. *Dept. of Environmental Protection*, 215 Conn. 616, 629, 577 A.2d 1017 (1990) ("[i]f the commissioner denies the plaintiffs [relief in the administrative proceeding], they can then pursue an appeal to the Superior Court pursuant to § 4-183 challenging the commissioner's jurisdiction and her decision"). In that event, the reviewing court may find helpful the stated basis of the commission's ruling in considering the merits of the plaintiff's claim. *Greene* v. *Meese*, supra, 875 F.2d 641. To the extent that the plaintiff asserts something vaguely resembling a capable of repetition, yet evading review argument with respect to the disposition of such administrative proceedings; see generally *Loisel* v. *Rowe*, 233 Conn. 370, 382, 660 A.2d 323 (1995); we reiterate that, once those pending matters have concluded, the plaintiff properly may seek declaratory relief as provided by §§ 4-175 and 4-176. See footnote 20 of this opinion.

In considering the proper role of the exhaustion requirement in the administrative context, this nation's highest court has cautioned that judicial review of agency action "should not be a means of turning prosecutor into defendant before adjudication concludes." *Federal Trade Commission* v. *Standard Oil Co. of California*, supra, 449 U.S. 243. We concur with that sentiment, and conclude that the plaintiff has not established

demonstrable futility in pursuing its administrative remedies before the commission. See *Pet* v. *Dept. of Health Services*, supra, 207 Conn. 356. Accordingly, the plaintiff's failure to exhaust its administrative remedies cannot be salvaged by the futility exception.

## B

The plaintiff also argues that, because it is contesting the jurisdiction of the commission, it need not comply with the exhaustion requirement. It posits that there exists a broad exception to the exhaustion requirement that is implicated when the jurisdiction of an administrative agency is challenged. A review of Connecticut precedent reveals otherwise.

The appellate courts of this state repeatedly have recognized that "a claim that an administrative agency has exceeded its statutory authority or jurisdiction may be the subject of an administrative appeal." *Payne* v. *Fairfield Hills Hospital*, supra, 215 Conn. 679; see also *Republican Party of Connecticut* v. *Merrill*, supra, 307 Conn. 479; *Housing Authority* v. *Papandrea*, supra, 222 Conn. 424; *Sastrom* v. *Psychiatric Security Review Board*, 105 Conn. App. 477, 481, 938 A.2d 1233 (2008); *Johnson* v. *Dept. of Public Health*, supra, 48 Conn. App. 112. The plaintiff nonetheless argues that the jurisprudence of this state's highest court has established a jurisdictional exception to the exhaustion requirement, relying principally on *Aaron* v. *Conservation Commission*, 178 Conn. 173, 422 A.2d 290 (1979). That reliance is unavailing.

*Aaron* did not involve an administrative proceeding pursuant to the UAPA, but rather a municipal land use proceeding. Id., 174–75. In discussing exceptions to the exhaustion requirement, the court stated: "[O]ne such exception is that resort to administrative agency procedures will not be required when the claims sought to be litigated are jurisdictional. . . . Another exception is that exhaustion of administrative remedies will not be required when the remedies available are futile or inadequate." (Citations omitted.) Id., 179. The court's subsequent analysis of those two exceptions consisted of two sentences: "In the present case there is some question as to whether the plaintiff's claims could properly be litigated by way of appeal because of the rule that a party who seeks some advantage under a statute or ordinance, such as a permit or a variance, is precluded from subsequently attacking the validity of the statute or ordinance. . . . In light of the above, this court is compelled to conclude that the trial court erred in declining to assume jurisdiction on the ground that the plaintiff should be left to seek redress by other forms of procedure." (Citations omitted.) Id., 179–80. In so doing, the court recognized the procedural uniqueness of that case, in that it involved the standing of a party that has secured a land use permit or variance from a municipal land use agency.

Ten years after *Aaron* was decided, our Supreme Court directly addressed the exhaustion requirement in the context of a party's challenge to the jurisdiction of an administrative agency. In *Greater Bridgeport Transit District* v. *Local Union 1336*, 211 Conn. 436, 559 A.2d 1113 (1989), the court framed the issue before it as "whether the trial court erred in dismissing, for lack of subject matter jurisdiction, an independent action challenging the scope of an administrative agency's jurisdiction . . . ." Id., 436. It then determined that the exclusive power to determine the agency's jurisdiction in the first instance belonged to the agency, and not to the courts. As it stated: "The present appeal requires us to determine whether an administrative agency has exclusive initial power to determine its own jurisdiction in a particular case. . . . A claim that an administrative agency has acted beyond its statutory authority or jurisdiction properly may be the subject of an administrative appeal. . . . Where there is in place a mechanism for adequate judicial review, such as that contained in § 4-183, [i]t is [the] general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation. When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act—that is, to determine the coverage of the statute—and this question need not, and in fact cannot, be initially decided by a court. . . . We are persuaded that the jurisdictional claim raised in the plaintiff's complaint to the Superior Court *is properly, and exclusively, within the power of the board to decide in the first instance*. The plaintiff may then, if necessary, raise the jurisdictional issue on administrative appeal pursuant to . . . § 4-183."[25] (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 438–40. That decision did not acknowledge *Aaron* in any manner.

The Supreme Court revisited the issue one year later. In *Cannata* v. *Dept. of Environmental Protection*, supra, 215 Conn. 616, the plaintiffs—like the plaintiff here—relied on *Aaron* for their argument that a challenge to the jurisdiction of an administrative agency qualifies for "an exception to the exhaustion requirement." Id., 621. The court rejected that argument and, in light of *Greater Bridgeport Transit District*, held that the agency "must first be given the opportunity to determine its own jurisdiction." Id., 622–23. Significantly, the court also addressed the apparent conflict between *Aaron* and *Greater Bridgeport Transit District* on this issue. It stated: "Although it may be possible to distinguish the two cases on the basis of differences in the relief sought and the availability of an administrative remedy, we regard *Greater Bridgeport Transit District* as implicitly overruling [*Aaron*] with respect to the absence of an exhaustion requirement for the deter-

mination of an agency's jurisdiction when an adequate administrative remedy is available." Id., 622 n.7. The Supreme Court has not cited to or relied on *Aaron* since. In subsequent years, our appellate courts have adhered to the precept that such jurisdictional challenges properly are within the purview of the administrative agency in the first instance. See, e.g., *Polymer Resources, Ltd.* v. *Keeney*, supra, 227 Conn. 558; *O & G Industries, Inc.* v. *Planning & Zoning Commission*, supra, 232 Conn. 425; *Canterbury* v. *Deojay*, 114 Conn. App. 695, 708–709, 971 A.2d 70 (2009); *Wilkinson* v. *Inland Wetlands & Watercourses Commission*, 24 Conn. App. 163, 167, 586 A.2d 631 (1991).

Equally misplaced is the plaintiff's reliance on *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo*, 190 Conn. 510, 461 A.2d 938 (1983), for the proposition that "a respondent before an administrative agency need not wait until the agency issues a final decision before taking an appeal pursuant to [§ 4-183], but instead may bring a declaratory judgment action [in the Superior Court] to challenge the agency's exercise of jurisdiction." *Heslin* did not involve a question of the agency's jurisdiction, but rather involved a question of "the legislature's constitutional power to regulate attorney conduct." Id., 515. In addressing that question, the court explained that "[i]t is presumed that, in authorizing [administrative] investigations, the legislature has delegated to the administrative body a power which the legislature lawfully possesses. Where, however, a colorable claim is made that the preliminary investigation *is not within the power of* [*the legislature*] to command . . . that presumption is rebutted." (Citation omitted; emphasis added; internal quotation marks omitted.) Id. When such a colorable claim is raised, *Heslin* instructs that "[i]t then becomes necessary and proper for the trial court to determine, before proceeding further, the authority of [the] administrative agency to act." Id.; see also *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office*, supra, 202 Conn. 606–607 (noting that *Heslin* exception applies "where the legislative authority to empower the agency to conduct the investigation itself is challenged"). In this case, the plaintiffs have not raised any claim as to the legislature's authority with respect to commission conduct. *Heslin*, therefore, is inapposite to the present case.

Consistent with the ample body of Connecticut authority adhering to the precept that such jurisdictional challenges properly are within the purview of the administrative agency, and the mandate of *Cannata* v. *Dept. of Environmental Protection*, supra, 215 Conn. 622 n.7 in particular, we reject the plaintiff's assertion that there exists a broad exception to the exhaustion requirement for challenges to the jurisdiction of an administrative agency. Such challenges are "properly, and exclusively, within the power of the board to decide in the first instance." *Greater Bridgeport Transit Dis-*

*trict* v. *Local Union 1336*, supra, 211 Conn. 439–40. Accordingly, the plaintiff was obligated to raise its challenge to the jurisdiction of the commission in the pending administrative proceedings and, if necessary, an appeal pursuant to § 4-183 or a subsequent declaratory petition pursuant to § 4-176.

C

We further note that, in addition to seeking declaratory relief, the plaintiff's complaint requests injunctive relief and a writ of mandamus. The inclusion of those requests does not obviate the need for the plaintiff to comply with the exhaustion requirement.

It well established that a plaintiff's preference for particular relief has little bearing on the adequacy of an administrative remedy. As our Supreme Court has observed, "it does not matter for exhaustion purposes that [the available] administrative remedies could not provide the relief the plaintiffs preferred . . . . It is well established . . . [t]he plaintiff's preference for a particular remedy does not determine the adequacy of that remedy. [A]n administrative remedy, in order to be adequate, need not comport with the [plaintiff's] opinion of what a perfect remedy would be." (Internal quotation marks omitted.) *Lopez* v. *Board of Education*, supra, 310 Conn. 601 n.23; see also *Concerned Citizens of Sterling* v. *Sterling*, 204 Conn. 551, 559, 529 A.2d 666 (1987) ("we have never held that the mere possibility that an administrative agency may deny a party the specific relief requested is a ground for an exception to the exhaustion requirement").

In addition, this court has held that a plaintiff cannot bypass the exhaustion requirement simply by including a variety of requests in its prayer for relief. In *Johnson* v. *Dept. of Public Health*, supra, 48 Conn. App. 120, we stated in relevant part: "[T]he plaintiff may not bypass the UAPA exhaustion requirement by filing this self-styled independent civil action. . . . In attempting to circumvent his available administrative remedy by this independent civil action, the plaintiff maintains that he can do this because he is seeking other relief whether it sounds contract or tort, declaratory judgment or injunctive relief and the like. This approach fails because, on analysis, the factual predicate for his claims relate back to the alleged statutory violations, which provide for a statutory remedy. When the legislature enacts a comprehensive remedial scheme such as the UAPA with procedural safeguards by which claims are to be determined by an administrative agency before judicial review is made available, it has laid that down as the public policy most likely to produce results. To effectuate this public policy, the legislative intent is that the trial court should not, generally speaking, act or be called upon to act, until there has been compliance with the statutory scheme. . . . [O]ur Supreme Court . . . [has] frequently held that where a statute has estab-

lished a procedure to redress a particular wrong a person must follow the specific remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure. . . . The plaintiff's independent civil action contravenes [that precedent]. He is attempting, under circumstances that are impermissible, to prevent the making of a proper record of agency action, including a decision on the issues, for proper judicial review." (Citations omitted; internal quotation marks omitted.) See also *Housing Authority* v. *Papandrea*, supra, 222 Conn. 423 ("[w]e affirm the principle . . . that a claim for injunctive relief does not negate the requirement that the complaining party exhaust administrative remedies").

In *Savoy Laundry, Inc.* v. *Stratford*, 32 Conn. App. 636, 642, 630 A.2d 159, cert. denied, 227 Conn. 931, 632 A.2d 704 (1993), this court similarly observed that "[t]he plaintiff may not choose its administrative remedy through the framing of its own complaint. If that were possible, the purpose of the exhaustion doctrine would be thwarted." That precedent is wholly consistent with our Supreme Court's admonition that "a party who has a statutory right of appeal from a decision of the administrative agency may not bring an independent action to test the very issues that the [administrative] appeal was designed to test." *Payne* v. *Fairfield Hills Hospital*, supra, 215 Conn. 679; accord *McNish* v. *American Brass Co.*, 139 Conn. 44, 53, 89 A.2d 566 (1952) ("[w]hen an administrative remedy is provided by law, relief must be sought by exhausting this remedy before resort to the courts").

### III

As a final matter, the plaintiff claims that the court improperly dismissed its due process count. Because that count was brought pursuant to 42 U.S.C. § 1983, the plaintiff maintains that the exhaustion doctrine does not apply.

To be sure, the United States Supreme Court, in *Patsy* v. *Board of Regents of the State of Florida*, 457 U.S. 496, 501, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982), held that exhaustion of administrative remedies is not a prerequisite to an action under § 1983.[26] The Connecticut Supreme Court nonetheless has held that, "notwithstanding *Patsy* v. *Board of Regents of the State of Florida*, supra, the fundamental requirement of inadequacy of an available legal remedy in order to obtain injunctive relief remains in full force."[27] *Pet* v. *Dept. of Health Services*, supra, 207 Conn. 369. The court continued: "The inadequacy of an available legal remedy is a standard prerequisite for injunctive relief. We do not view [*Patsy*] as having abrogated this fundamental requirement for injunctive relief . . . . A fortiori, it remains a condition precedent to injunctive relief in a state court . . . ." (Internal quotation marks omitted.) Id. When an adequate administrative remedy exists, the court held

that "no form of injunctive relief, under § 1983 or otherwise, is justified as an exception to the exhaustion requirement . . . ." Id. The court thus concluded that the plaintiff's inclusion of a § 1983 count in his complaint "does not permit the plaintiff to avoid the exhaustion doctrine." Id., 370; see also *Laurel Park, Inc.* v. *Pac*, 194 Conn. 677, 691, 485 A.2d 1272, 1279 (1984); *Flanagan* v. *Commission on Human Rights & Opportunities*, supra, 54 Conn. App. 95.

On appeal, the plaintiff acknowledges that precedent, but claims that it may still prevail because it had no adequate administrative remedy. This court has rejected that claim in part II A of this opinion. The plaintiff, therefore, cannot "forestall an invocation of the exhaustion doctrine" due to the inclusion of a § 1983 count in its complaint. *Pet* v. *Dept. of Health Services*, supra, 207 Conn. 370.

IV

In sum, we conclude that the plaintiff had adequate administrative remedies that it failed to exhaust prior to commencing this independent civil action in the Superior Court, namely, recourse in the pending *Sotil*, *Cipes*, and *Wills* proceedings before the commission and the corresponding avenue of administrative appeal provided by § 4-183. Moreover, to the extent that any issues remain after those pending proceedings conclude, § 4-176 permits the plaintiff to petition the commission for a declaratory ruling, which ruling itself then would be appealable pursuant to § 4-183. It is undisputed that the plaintiff in this case did not exhaust those administrative remedies prior to commencing this independent civil action. The trial court therefore properly dismissed the plaintiff's complaint for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We note that the plaintiff has been identified alternatively as the Metropolitan District and the Metropolitan District Commission in our case law. See, e.g., *Blonski* v. *Metropolitan District Commission*, 309 Conn. 282, 284, 71 A.3d 465 (2013); *Metropolitan District* v. *Burlington*, 241 Conn. 382, 384, 696 A.2d 969 (1997); *Brusby* v. *Metropolitan District*, 160 Conn. App. 638, 641, 127 A.3d 257 (2015); *Metropolitan District Commission* v. *Connecticut Resources Recovery Authority*, 130 Conn. App. 132, 134, 22 A.3d 651 (2011). In the present case, the plaintiff identifies itself as "The Metropolitan District" in its complaint and has been referred to as such throughout this litigation.

[2] General Statutes § 46a-83 "outlines the procedure that the commission must follow" upon receiving a complaint. *Lyon* v. *Jones*, 291 Conn. 384, 398, 968 A.2d 416 (2009). General Statutes (Rev. to 2015) § 46a-83 (b) provides in relevant part: "Within ninety days of the filing of the respondent's answer to the complaint, the executive director [of the commission] or the executive director's designee shall conduct a merit assessment review. The merit assessment review shall include the complaint, the respondent's answer and the responses to the commission's requests for information, if any, and the complainant's comments, if any, to the respondent's answer and information responses. If the executive director or the executive director's designee determines that the complaint fails to state a claim for relief or is frivolous on its face, that the respondent is exempt from the provisions of this chapter or that there is no reasonable possibility that investigating the

complaint will result in a finding of reasonable cause, the executive director or the executive director's designee shall dismiss the complaint . . . ."

Section 46a-54-42a (a) of the Regulations of Connecticut State Agencies provides in relevant part that "[p]rior to service of a complaint or an amended complaint upon the respondent, the commission shall review the complaint to determine jurisdiction over the complaint. The review shall include a determination of whether the complaint is timely filed, alleges a discriminatory practice . . . and contains other matters necessary to the commission's jurisdiction over the complaint . . . ."

Section 46a-54-49a (b) of the Regulations of Connecticut State Agencies provides: "The executive director or the executive director's designee shall dismiss the complaint if he or she determines:

"(1) The complaint fails to state a claim for relief;

"(2) The complaint is frivolous on its face;

"(3) The respondent is exempt from the provisions of chapter 814c of the Connecticut General Statutes; or

"(4) There is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause."

[3] As examples of the commission's allegedly improper conduct, the plaintiff in its complaint cites to *Dixon* v. *Metropolitan District Commission*, Docket No. 1210313; *Smith* v. *Metropolitan District Commission*, Docket No. 1210147; *Sotil* v. *Metropolitan District Commission*, Docket No. 1410490; *Cipes* v. *Metropolitan District Commission*, Docket No. 1440395; and *Wills* v. *Metropolitan District Commission*, for which no docket number was provided.

[4] The complaint alleges in relevant part that the commission "engaged in the following routine practices:

"1. Issuing complaints to respondents without first determining that the [commission] has jurisdiction over the complaint allegations;

"2. Retaining jurisdiction over complaints without conducting the merit assessment review required by statute and regulations;

"3. Ordering the parties to mandatory mediation without conducting the necessary merit assessment review;

"4. Issuing reasonable cause findings by [commission] employees who have not conducted the investigation required by the statute and regulations;

"5. Issuing reasonable cause findings without providing respondents with an opportunity to comment on draft reasonable cause findings."

[5] Titled "[d]iscriminatory practices by state agencies prohibited," General Statutes § 46a-71 provides: "(a) All services of every state agency shall be performed without discrimination based upon race, color, religious creed, sex, gender identity or expression, marital status, age, national origin, ancestry, intellectual disability, mental disability, learning disability, physical disability, including, but not limited to, blindness.

"(b) No state facility may be used in the furtherance of any discrimination, nor may any state agency become a party to any agreement, arrangement or plan which has the effect of sanctioning discrimination.

"(c) Each state agency shall analyze all of its operations to ascertain possible instances of noncompliance with the policy of sections 46a-70 to 46a-78, inclusive, and shall initiate comprehensive programs to remedy any defect found to exist.

"(d) Every state contract or subcontract for construction on public buildings or for other public work or for goods and services shall conform to the intent of section 4a-60."

[6] The complaint also requests an injunction "enjoining the [commission] from holding its fact-finding conference in the *Sotil* [v. *Metropolitan District Commission*, Docket No. 1410490] case scheduled for February 4, 2016," which was pending before the commission at the time that the plaintiff's complaint was filed. It is undisputed that the fact-finding conference before the commission transpired on February 4, 2016, and that the commission thereafter determined that it had jurisdiction over the matter, as evidenced by the February 19, 2016 written notice to the parties furnished by Brian D. Festa, a human rights attorney with the commission. That notice was appended as an exhibit to the commission's March 15, 2016 reply to the plaintiff's objection to the motion to dismiss.

[7] In its motion to dismiss, the commission also alleged that the plaintiff lacked standing to request a writ of mandamus pursuant to General Statutes § 52-485 and Practice Book § 23-45, the latter of which provides in relevant part that "[a]n action of mandamus may be brought *in an individual right* by any person who claims entitlement to that remedy to enforce *a private duty owed to that person* . . . ." (Emphasis added.) The commission thus

argued that the plaintiff lacked standing because it "seeks a writ that is not based upon an individual right to enforce a private duty owed it." The court did not address that argument in its memorandum of decision, and the plaintiff has raised no claim related thereto in this appeal. We therefore confine our review to the claims distinctly presented in this appeal, which pertain solely to the issue of exhaustion of administrative remedies.

[8] The court also concluded that it lacked jurisdiction over the plaintiff's complaint "because the plaintiff failed to exhaust the administrative remedies available through the agency proceedings and the appellate process available after them."

[9] "General Statutes § 4-166 (3) provides in relevant part: ' "Final decision" means . . . (B) a declaratory ruling issued by an agency pursuant to section 4-176. . . .' " *Republican Party of Connecticut* v. *Merrill*, supra, 307 Conn. 477 n.6. Since that case was decided, what had been subdivision (3) of § 4-166 was renumbered as subdivision (5). See Public Acts 2014, No. 14-187, § 1.

[10] "General Statutes § 4-176 (h) provides in relevant part: 'A declaratory ruling shall be effective when personally delivered or mailed or on such later date specified by the agency in the ruling, shall have the same status and binding effect as an order issued in a contested case and shall be a final decision for purposes of appeal in accordance with the provisions of section 4-183. . . .' " *Republican Party of Connecticut* v. *Merrill*, supra, 307 Conn. 477 n.7.

[11] "General Statutes § 4-175 (a) provides: 'If a provision of the general statutes, a regulation or a final decision, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff and if an agency (1) does not take an action required by subdivision (1), (2) or (3) of subsection (e) of section 4-176, within sixty days of the filing of a petition for a declaratory ruling, (2) decides not to issue a declaratory ruling under subdivision (4) or (5) of subsection (e) of said section 4-176, or (3) is deemed to have decided not to issue a declaratory ruling under subsection (i) of said section 4-176, the petitioner may seek in the Superior Court a declaratory judgment as to the validity of the regulation in question or the applicability of the provision of the general statutes, the regulation or the final decision in question to specified circumstances. The agency shall be made a party to the action.' " *Republican Party of Connecticut* v. *Merrill*, supra, 307 Conn. 478 n.8.

[12] In their petition, the plaintiffs in that case sought a declaratory ruling "with respect to seven questions concerning the legality of their conduct in the sale of life insurance policies." *Financial Consulting, LLC* v. *Commissioner of Ins.*, supra, 315 Conn. 202.

[13] At the March 31, 2016 hearing before the trial court, counsel for the commission informed the court that administrative appeals before the Superior Court already had transpired in the *Dixon* and *Smith* matters. The plaintiff's counsel acknowledged those appeals and informed the court that the *Smith* matter had "settled" and that "[t]he *Dixon* matter is also over . . . . [W]e brought these cases to the court's attention in our complaint not because they hadn't been resolved but because they show the pattern and practice of the agency exceeding its statutory and regulatory jurisdiction."

[14] Paragraphs nine and ten of the complaint allege in relevant part: "[I]n *Sotil* v. *Metropolitan District Commission*, Docket No. 1410490, by letter dated September 18, 2014, and by various letters thereafter, counsel for the [plaintiff] advised counsel for the [commission] that the [commission] did not have jurisdiction over the claims alleged in the Complaint. Nevertheless, the [commission] issued a notice of retention following merit assessment review, and before the [plaintiff] had an opportunity to timely reply to the Complainant's response to its position statement. Thereafter, by letter dated June 12, 2015, counsel for the [plaintiff] advised counsel for the [commission] that . . . the [commission] does not have jurisdiction over claims arising under 42 U.S.C. [§] 1981 against the [plaintiff]. Nevertheless, the [commission] refused to dismiss the claim. In short, the [commission] has failed and continues to fail to conduct proper merit assessments and reviews. Upon information and belief, the [commission] has instituted a practice of routinely retaining jurisdiction over cases without engaging in the merit assessment review process. . . .

"Prior to service of a complaint or an amended complaint upon the respondent, the commission shall review the complaint to determine jurisdiction over the complaint. . . . Upon information and belief, the [commission] has routinely failed to review complaints filed with it to determine whether the [commission] has jurisdiction over the complaint. Rather, the [commission] only has jurisdiction of claims against the [plaintiff] by 'employees,'

as that term is defined in the statute. . . . [I]n *Sotil*, the [commission] served a complaint upon the [plaintiff] notwithstanding the [complainant was] not [an employee] of the [plaintiff] but admittedly [is an] independent [contractor]."

[15] As previously noted, the motion to dismiss, in addition to admitting all facts well pleaded, "invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) *Henriquez* v. *Allegre*, supra, 68 Conn. App. 242. Appended to the plaintiff's memorandum of law in opposition to the motion to dismiss was, inter alia, a copy of an e-mail chain among commission officials from May of 2014, regarding the *Sotil* matter. Susan Horn, identified therein as a "HRO Representative" with the commission, states in relevant part that "[a]fter reviewing the intake sheet and the fifty-four pages of emails, I have come to the conclusion that the complainant [in *Sotil*] has exceeded the 180 days to file his complaint. . . ." After reviewing the commission's handling of the *Sotil* matter, Horn then states: "This situation presents an essential issue: How will the commission be handling the processing of contract compliance complaints in the future? Should the effort be centralized like [h]ousing?" In addition, appended to the commission's reply to the plaintiff's objection to the motion to dismiss was the February 19, 2016 notice to the parties from Brian D. Festa, an attorney with the commission, informing them in relevant part that, "[a]fter a thorough examination of the evidence in the record . . . I have concluded that [the *Sotil*] complaint is timely."

[16] To the extent that the plaintiff seeks to avail itself of General Statutes § 52-29, rather than § 4-175, in pursuing this declaratory action in the Superior Court, our Supreme Court has noted that "declaratory judgment actions under § 4-175 are legally indistinguishable for exhaustion purposes from actions brought pursuant to § 52-29, the general declaratory judgment statute." *Financial Consulting, LLC* v. *Commissioner of Ins.*, supra, 315 Conn. 216 n.15. The court further has explained that "§ 52-29, granting declaratory judgment jurisdiction to the Superior Court, does not qualify as the type of separate statutory authorization . . . that allows for a complete bypassing of an administrative agency with undeniable jurisdiction over the subject matter . . . . [O]ur case law makes clear that . . . broad statutory grants of jurisdiction, such as § 52-29, are not intended to circumvent the well established principles of exhaustion." (Citations omitted; internal quotation marks omitted.) *River Bend Associates, Inc.* v. *Water Pollution Control Authority*, 262 Conn. 84, 105–106, 809 A.2d 492 (2002). Invoking § 52-29, therefore, does not obviate a party's obligation to exhaust its administrative remedies before commencing an action in the Superior Court.

[17] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

[18] General Statutes § 4-183 (b) provides: "A person may appeal a preliminary, procedural or intermediate agency action or ruling to the Superior Court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy."

[19] General Statutes § 4-183 (f) provides in relevant part: "The filing of an appeal shall not, of itself, stay enforcement of an agency decision. An application for a stay may be made to the agency, to the court or to both. Filing of an application with the agency shall not preclude action by the court. . . ."

[20] At the hearing on the motion to dismiss, counsel for the commission attested that, in two of the matters cited in the plaintiff's complaint known as *Dixon* v. *Metropolitan District Commission* and *Smith* v. *Metropolitan District Commission*, the plaintiff availed itself of the remedies provided by § 4-183 by bringing interlocutory administrative appeals raising issues similar to those presented in this case. As counsel stated, "these [administrative appeals] were heard in the [Superior Court] . . . and it's the very same issues that they put in their complaint here." Attorney Kevin Shea, who was present at that hearing due to his representation of the plaintiff in other matters, confirmed that those administrative appeals were commenced in the Superior Court. Counsel for the commission thus requested that the court take judicial notice of those administrative appeals, which request the court granted when the plaintiff's counsel indicated that he had no objection thereto.

In its memorandum of decision, the court noted that the plaintiff "has,

in fact, utilized the provisions of . . . § 4-183 to seek judicial review of interlocutory decisions of [the commission]. For example, in the *Dixon* and *Smith* cases cited in [the plaintiff's] complaint, the [plaintiff] filed interlocutory appeals from [the commission's] reasonable cause finding. See *Metropolitan District Commission* v. *Commission on Human Rights & Opportunities*, Superior Court, judicial district of New Britain, Docket No. CV-14-6024208; *Metropolitan District Commission* v. *Commission on Human Rights & Opportunities*, Superior Court, judicial district of New Britain, Docket No. CV-14-6024368."

[21] If those administrative proceedings were *not* pending, we reiterate that, absent an applicable exception to the exhaustion requirement, the plaintiff would be required to avail itself of the remedy provided by § 4-176 prior to commencing an independent action for declaratory relief in the Superior Court. See, e.g., *Financial Consulting, LLC* v. *Commissioner of Ins.*, supra, 315 Conn. 199 (compliance with § 4-176 a "precondition" to commencement of declaratory action in Superior Court); *Republican Party of Connecticut* v. *Merrill*, supra, 307 Conn. 478 ("[t]his court repeatedly has held that when a plaintiff can obtain relief from an administrative agency by requesting a declaratory ruling pursuant to § 4-176, the failure to exhaust that remedy deprives the trial court of subject matter jurisdiction over an action challenging the legality of the agency's action"). Moreover, if the commission denied a request for declaratory relief pursuant to § 4-176, the plaintiff could appeal from that ruling to the Superior Court pursuant to § 4-183. Id., 477.

[22] For that reason, *Sastrom* v. *Psychiatric Security Review Board*, 105 Conn. App. 477, 938 A.2d 1233 (2008), is plainly distinguishable. In *Sastrom*, this court concluded that review pursuant to § 4-183 was not available to the plaintiff due to the specific statutory provisions that govern review of rulings by the defendant psychiatric security review board. Id., 484–85.

[23] Ironically, the plaintiff, in commencing the present action, seeks to bypass the statutory procedures contained in the UAPA that govern proceedings before state agencies such as the commission.

[24] As the Supreme Court observed in *Laurel Park, Inc.* v. *Pac*, 194 Conn. 677, 686, 485 A.2d 1272 (1984): "Despite the plaintiffs' protestations to the contrary, it is difficult to comprehend why a court would have been less inclined to order a stay of the commissioner's order upon a proper application in the pending administrative appeal than to issue a temporary injunction achieving the same result in a separate action. The same evidence presented to the court in this action would have warranted the same relief in the pending [administrative] appeal if the plaintiffs had followed the procedure prescribed by the UAPA."

[25] In so holding, *Greater Bridgeport Transit District* comports with *Myers* v. *Bethlehem Shipbuilding Corp.*, supra, 303 U.S. 41. In *Myers*, the defendant had obtained an injunction in federal court against the National Labor Relations Board prohibiting it from holding certain hearings on the basis that they were beyond the jurisdiction of the board. In reversing that injunctive order, the United States Supreme Court rejected the claim that, because the defendant had challenged the board's jurisdiction, it would be subject "to irreparable damage, rights guaranteed by the Federal Constitution will be denied unless it be held that the District Court has jurisdiction to enjoin the holding of a hearing by the Board." Id., 50. The court explained that "[s]o to hold would . . . in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared *the Board exclusively should hear and determine in the first instance*. The contention is at war with the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter." (Emphasis added.) Id., 50–51. Accordingly, the court concluded that there was "no reason why the Board should be prevented from exercising the *exclusive initial jurisdiction* conferred upon it by Congress." (Emphasis added; footnote omitted.) Id., 53.

[26] One prominent commentary flatly states that the court should revisit and overrule *Patsy*, opining that it "is a badly reasoned anomaly in the law of exhaustion. The holding is not supported by a single word of statutory text. It is inconsistent with the many powerful policy considerations that have shaped the common law of exhaustion in all other contexts. . . . [J]udicial review of state agency action under § 1983 is, and should be, analogous to judicial review of federal agency actions under the [Administrative Procedures Act]." 2 R. Pierce, Administrative Law Treatise (5th Ed. 2010)

§ 15.9, p.1298. Regardless of the merits of such criticism, reconsideration of that precedent remains the prerogative of the United States Supreme Court.

[27] In so doing, our Supreme Court distinguished the procedural context of *Pasty*, noting that "it was a § 1983 action for damages in federal court that the plaintiff argued should not be dismissed for failure to exhaust his state remedies." *Pet* v. *Dept. of Health Services*, supra, 207 Conn. 369.